(January 10, 1980)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK S. TAMULEWICZ, Appellant.—Appeal from a judgment of the County Court of Fulton County, rendered December 28, 1977, upon a verdict convicting defendant of the crimes of grand larceny in the second degree and burglary in the second degree. On the night of September 1, 1976, the home of Gordon Beech in the City of Johnstown, County of Fulton, was burglarized, and a coin collection was taken. Three men, Paul Caruso, Jeff Wall and Robert Hardy, subsequently admitted that they were responsible for the actual break-in and theft. They implicated Jack Dubray, Roy Hamlin and the defendant Frank Tamulewicz in the planning and direction of the crime. All six were indicted and charged with conspiracy in the third degree. Caruso, Wall, Hardy and the defendant were also charged with burglary in the second degree and grand larceny in the second degree. At the defendant's trial for the crimes of burglary and grand larceny, Caruso, Wall and Hardy testified for the prosecution to the effect that they had participated in the crime, and implicated defendant as having actively participated in the preparation and execution of the burglary, and in the sharing of the proceeds thereof. Defendant raises several assertions of error, including the

submission by the trial court to the jury as an issue of fact, the question of whether Caruso, Wall and Hardy were accomplices. Under the facts in this case, there is no question but that they were accomplices as a matter of law (CPL 60.22, subd 2). No other inference was possible on the basis of the evidence adduced at the trial. The failure of the trial court to charge that Caruso, Wall and Hardy were accomplices as a matter of law constituted harmful error requiring reversal of the judgment of conviction *(People v Minarich,* 46 NY2d 970; *People v Beaudet,* 32 NY2d 371; *People v Jenner,* 29 NY2d 695). The failure of defense counsel to object to the charge does not preclude consideration on appeal of an error such as this which, in the interest of justice, requires consideraton *(People v Greenwaldt,* 72 AD2d 836). Judgment reversed, as a matter of discretion and in the interest of justice, and matter remitted for a new trial. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.