■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK TAMU-
LEWICZ, Appellant. — Appeal from a judgment of the County Court of Fulton
County (Albanese, J.), rendered January 19, 1981, upon a verdict convicting
defendant of the crimes of grand larceny in the second degree and burglary in
the second degree. The instant appeal follows defendant's second trial and
conviction for the crimes of grand larceny in the second degree and burglary in
the second degree, he having been originally tried and convicted in December
of 1977. By order entered January 21, 1980, this court reversed the earlier
conviction and remitted the matter for a new trial (*People v Tamulewicz*, 73
AD2d 984). As a consequence, defendant was rearraigned on February 29,
1980, and a trial date was finally scheduled for November 24, 1980. With these
circumstances prevailing on the scheduled trial date, defendant moved for
dismissal of the indictment against him pursuant to CPL 30.30 upon the
ground that the People did not effectively demonstrate their readiness for trial
within six months of January 21, 1980 when the criminal proceedings were
commenced by an order remitting the matter for a new trial (see CPL 30.30,
subd 5, par [a]). The trial court denied the motion upon the grounds that the
People had indicated their readiness for trial at the arraignment on February
29, 1980 and at subsequent calendar calls during April and September of 1980,
that the delay in the trial had been caused by court congestion and the lack of
adequate facilities, and that defendant had been free on bail from February 29,
1980 until the time of his second trial. Defendant was then convicted a second
time of the charges against him and this appeal ensued. We hold that the
challenged judgment must be reversed. Although the trial court states in its
decision denying the dismissal motion that the People several times indicated
their readiness for trial in a timely manner under CPL 30.30, the record in this
case contains no indication by the prosecution on the record within six months
of the commencement of the criminal proceedings of its readiness for trial.
Such being the case, under constraint of the holdings of the Court of Appeals in
*People v Brothers* (50 NY2d 413) and *People v Hamilton* (46 NY2d 932), we
must direct that the indictment against defendant be dismissed. We reach no
other issue. Judgment reversed, on the law, and indictment dismissed.
Sweeney, J. P., Main, Casey and Levine JJ., concur; Weiss, J., dissents and
votes to affirm.