## (July 5, 1984)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD JACKSON, Appellant. — Appeal from a judgment of the County Court of Rensselaer County (Clyne, J.), rendered July 8, 1982, upon a verdict convicting defendant of the crime of burglary in the first degree. ¶ Defendant challenges his conviction for burglary in the first degree after a jury trial on several grounds, including a failure by the People to satisfy the ready for trial time requirement of CPL 30.30 (subd 1, par [a]). Defendant's motion pursuant to CPL 210.20 (subd 1, par [g]) to dismiss for this reason was denied by County Court, which relied on its court calendars to conclude that the People had been ready for trial within the six-month time requirement of CPL 30.30 (subd 1, par [a]). The record does not include these calendars for our independent review and, even if they could constitute sufficient evidence of the People's readiness, they are, consequently, unacceptable as proof that the People satisfied the six-month ready for trial rule notwithstanding County Court's reliance on them (see *People v Tamulewicz*, 88 AD2d 698). ¶ The record further reveals, and the People do not dispute, that defendant's motion was not opposed by affidavit or other evidentiary matter despite the People's burden of proving, once a defendant has demonstrated the existence of a delay in excess of six months, that certain periods of delay within that time are excludable (*People v Berkowitz*, 50 NY2d 333, 349). Since the People failed to even refute defendant's allegations, supported by affidavit, of a delay greater than six months from November 6, 1981, when the criminal proceedings were commenced by the filing of informations in Troy Police Court (see CPL 1.20, subd 17), defendant was entitled to have his motion granted and the indictment dismissed (*People v*

*Brothers,* 50 NY2d 413, 418). The People's contention that certain time is excludable under CPL 30.30 (subd 4, par [d]) was not raised before County Court and, accordingly, cannot be considered on this appeal. The People's further contention that the proper remedy is to remit for a hearing is belied by their total failure to contest defendant's motion and by the holding of *People v Brothers (supra).* This disposition renders it unnecessary to consider defendant's arguments for reversal due to errors at trial. ¶ Judgment reversed, on the law, and indictment dismissed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.