■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOMO CAMBRIDGE, Respondent. [646 NYS2d 673] —Order, Supreme Court, New York County (Alvin Schlesinger, J.), entered August 17, 1994, dismissing the indictment on statutory speedy trial grounds, unanimously reversed, on the law and the facts, the motion to dismiss denied, the indictment reinstated and the matter remitted to the Supreme Court for further proceedings.

Finding a total of 195 days of includable time, 11 more than the six-month or 184-calendar-day period within which the

People had to answer ready for trial, the motion court dismissed the indictment charging defendant with, *inter alia*, attempted murder in the second degree. We find that the court erred in charging two adjournment periods, consisting of 14 and 13 days, to the People. That leaves 168 days of includable time, which is well within the 184 days allowed, properly chargeable to the People. Accordingly, we reverse and reinstate the indictment.

On April 8, 1994, defense counsel did not appear in court but had filed a notice of actual engagement and requested an adjournment to April 28, 1994. The court adjourned the matter to April 22, 1994 and charged the People with the delay because they were not ready and thus the unavailability of defendant's counsel was an irrelevancy. In so ruling, the court erred. Since defense counsel's actions triggered one of the statutory exclusions (CPL 30.30 [4] [b]), which applies when the People are otherwise unable to proceed to trial (*People v Cortes*, 80 NY2d 201, 210), their unreadiness on April 8, 1994 was irrelevant. Defense counsel failed to appear in court, filed an affidavit of actual engagement and advised the court clerk that he was seeking an adjournment to April 28, 1994. The adjournment was at defendant's request and therefore excludable pursuant to CPL 30.30 (4) (b). Thus, the People were improperly charged with 14 days.

On April 22, 1994, defense counsel again failed to appear in court but advised the prosecutor of his request that the case be adjourned to May 5, 1994, which request the court granted. Thus, this period of time is excludable as an adjournment requested by defense counsel (CPL 30.30 [4] [b]) and 13 days were improperly charged to the People. Thus, the total amount of time properly chargeable to the People is 168 days.

We have considered the People's arguments bearing on other time periods and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Kupferman, Williams and Mazzarelli, JJ.