■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VICTOR DELACRUZ, Respondent. [660 NYS2d 7] —Order, Supreme Court, Bronx County (Dominic Massaro, J.), entered on May 29, 1996, granting defendant's motion to dismiss the indictment pursuant to CPL 30.30, unanimously reversed, on the law and on the facts, the motion denied, the indictment reinstated and the matter remitted to the Supreme Court for further proceedings.

An earlier trial had resulted in a mistrial on December 23, 1992. The criminal action is deemed to commence on that date for statutory speedy trial purposes (CPL 30.30 [5] [a]), and the People had to be ready for trial within six months of that date less any excludable time. (CPL 30.30 [5] [a]; [1] [a]; [4]; *People v Sinistaj*, 67 NY2d 236, 239.) Since the time period is computed in terms of calendar months and is thus not necessarily 180 days (*People v Cortes*, 80 NY2d 201, 207, n 3), the People had to be ready in this case by June 23, 1993, within 182 days.

In dismissing the indictment, the court determined that 188 days were chargeable to the People. A finding by this Court that at least six of those days were excludable would result in a reversal. On November 18, 1993, both the prosecutor and defendant were present; defense counsel was not. He had left word with the court clerk that he was "on trial in Nassau County" and that he would "be on trial the whole month of December." In accordance with counsel's request, communicated to the court by the clerk, that the matter be put over until January, the case was adjourned to January 3, 1994. Despite the People's argument that the entire period was excludable pursuant to CPL 30.30 (4) (b) because of defense counsel's request for an adjournment until January 1994, the court found the entire 46 days includable. This was error.

The court justified its charging all 46 days to the People on the ground that they had not stated their readiness on November 18, 1993; nor were they ready on January 3, 1994, the adjourned date. The CPL 30.30 (4) (b) exclusion for "the period of delay resulting from a continuance granted * * * at the request of, or with the consent of, the defendant or his counsel" is free standing and applies irrespective of whether the People, previously or on the date of request, answered ready. (*See, People v Cambridge*, 230 AD2d 649.)

There were other adjournments charged to the People due to

the court's steadfast refusal to apply CPL 30.30 (4) (b) to adjournments granted at defendant's specific request. Nor did the court make the appropriate distinction between pre-readiness and post-readiness delay. At a time after they had answered ready, the People were repeatedly charged, despite their request for a shorter adjournment, with the entire period of a longer adjournment, which the court, at the time, justified by citing calendar congestion. (*See, e.g., People ex rel. Sykes v Mitchell*, 184 AD2d 466, 468.)

Applying the proper standard to the various adjournments, we calculate the time chargeable to the People to be 134 days. Concur—Sullivan, J. P., Rosenberger, Wallach, Rubin and Andrias, JJ.