OPINION OF THE COURT
Megan Tallmer, J.
It is well known that complainants in domestic violence cases often are reluctant to cooperate with the prosecution. (See, People v Llovet, NYLJ, Apr. 24, 1998, at 29, col 5 [Crim Ct, Kings County].) This case raises the issue whether the People are ready for trial for speedy trial purposes where the complainant is present in court but claims that she does not want the case to proceed. For the following reasons, the court *317 concludes that the People’s assertion of readiness in such circumstances is bona fide.
CPL 30.30 requires the People to state ready for trial within prescribed time periods. To state ready for trial, the People in fact must be ready to proceed at the time they declare readiness. (People v Kendzia, 64 NY2d 331, 337 [1985].) Courts have recognized that for a statement of readiness to be valid, a witness must be available to the People.
A complainant present in court necessarily is available to the People because she can be requested to testify or served with a subpoena pursuant to CPL 610.20 (2). (See, People v Dushain, 247 AD2d 234 [People ready for trial where witness available by subpoena upon three or four days’ notice].) Although the People may choose not to resort to subpoenaing a victim of domestic violence as a matter of policy, they are ready to proceed as a matter of speedy trial law.
Applying this principle, the court makes the following findings as to the adjournments in this case:
July 27, 1997-August 1, 1997
Defendant was arraigned on the accusatory instrument, bail was set and the case was adjourned. Based on the People’s uncontested representations that they stated ready on this date, the court finds this time to be excludable.
August 1, 1997-August 19, 1997
The People announced readiness for trial on the record. Although the complainant indicated that she did not wish to proceed with the case, she was present in court. For the reasons set out above, the People’s statement of readiness for trial was bona fide and this period is excludable.
August 19, 1997-September 17, 1997
On August 19, the People again stated they were ready for trial. The complainant was present in court but continued to express a desire not to proceed. The court finds this period excludable for the reasons set out above.
September 17, 1997-October 21, 1997
The People again stated ready for trial and consented to a Huntley hearing. The complainant again indicated an unwillingness to proceed. The court finds this period excludable as a reasonable adjournment following the granting of a hearing. *318 (People v Greene, 223 AD2d 474 [1st Dept 1996], lv denied 88 NY2d 879 [1996].)
October 21, 1997-December 2, 1997
The People were not ready for the Huntley hearing because the police officer had the day off. They requested November 7 as an adjourned date. The case was adjourned until December 2, however, with the consent of the defense. Inasmuch as the People previously announced readiness for trial, this adjournment request arose in a “post-readiness” context. In such cases, it clearly has been held that the People are to be charged only with the time period requested. (See, People v Rivera, 223 AD2d 476 [1st Dept 1996], lv denied 88 NY2d 852 [1996]; People v Urraea, 214 AD2d 378 [1st Dept 1995].) The People therefore are chargeable only with 17 days.*
December 2, 1997-January 6, 1998
On December 2,1997, both parties and the court were operating under the mistaken impression that statement notice had not been withdrawn. Thus, the court observed that statement notice had been given and defense counsel asked whether the People consented to a Huntley hearing. The People consented to the hearing and the case was adjourned to January 6, 1998. It was not until January 6 that the error was discovered. Since defense counsel requested the Huntley hearing, the adjournment to January 6 was on consent and should not be charged against the People, notwithstanding that the People may not in fact have been ready to proceed on December 2. (CPL 30.30 [4] [b]; People v Delacruz, 241 AD2d 328 [1st Dept 1997], lv denied 90 NY2d 939 [1997]; People v Cambridge, 230 AD2d 649 [1st Dept 1996]; People v Brown, 195 AD2d 310 [1st Dept 1993], lv denied 82 NY2d 891 [1993].)
January 6, 1998-February 24, 1998
The People were not ready for trial and acknowledged for the first time that the last contact they had with the complainant was on September 17, 1997. On February 13, defendant filed a speedy trial motion. The filing of this motion tolled the speedy trial clock. Therefore, only 38 days are chargeable to the *319 People. (CPL 30.30 [4] [a].)
Accordingly, as only 55 days are chargeable to the People, defendant’s motion is denied.

 On November 14, 1997, the People advanced the case, on notice to defense counsel, for purposes of withdrawing statement notice. The minutes of this date indicate that neither defense counsel nor defendant was present. The case was adjourned to December 2, the date previously agreed to by defense.