*17 OPINION OF THE COURT
William Mogulescu, J.
Defendant moves[1] to dismiss counts 35, 36, 37, and 38 of the instant indictment on the ground that he has been denied his right to a speedy trial pursuant to CPL 30.30 (1) (a). For the reasons set forth below, defendant’s motion is denied.
Defendant was arrested on May 11, 1998, and charged by way of a felony complaint with criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), three counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), and criminal sale of a controlled substance in or near school grounds (Penal Law § 220.44 [2]). The charges stemmed from an alleged sale which occurred on that date in front of 623 Manida Avenue in Bronx County at 2:48 p.m. Defendant was arraigned upon the felony complaint on May 12, 1998, at which time the matter was adjourned to May 15, 1998. On May 15th, the People’s application to reduce the felony charges to two counts of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) was granted, and, through several adjournments, the case proceeded as an accusatory instrument charging only misdemeanor counts. Subsequently, on December 9, 1998, the defendant was arraigned on the instant indictment, which included in its 137 counts the four counts which were originally charged in the felony complaint.[2] The People acknowledge that their speedy trial obligations commenced from the filing of the original felony complaint, but relying on People v Sinistaj (67 NY2d 236 [1986]), argue that any exclusions which were applicable during the pendency of the misdemeanor accusatory instrument would remain applicable in considering any preindictment delay. Defendant contends that the factual scenario before this court is distinct from the facts of Sinistaj in that, unlike in Sinistaj, here the People did not file a superceding indictment, but rather dismissed the original felony charges. Consequently, counsel argues that the People cannot now be given the benefit for any exclusion arising under the misdemeanor accusatory instrument as the People could never have been ready for trial on the felony charges now contained in the indictment while the case was prosecuted as a misdemeanor in criminal court. In this regard, defendant argues that this case is closer to the holding in People v Osgood (52 NY2d 37 [1980]), *18 than to the rule of Sinistaj,[3] and that, in fact, Sinistaj does not apply to the facts of this case.
The Court of Appeals first addressed the issue of successive accusatory instruments in the context of speedy trial considerations in People v Lomax (50 NY2d 351 [1980]). In that case, a felony complaint followed by indictment was dismissed for insufficient evidence before the Grand Jury. The People were given leave to re-present the matter to the Grand Jury and nine days later filed a second indictment encompassing the same crimes contained in the first indictment. In determining the propriety of defendant’s speedy trial motion, the Court deemed the action to have commenced with the filing of the original accusatory instrument. In so holding, the Court stated, “there can be only one criminal action for each set of criminal charges brought against a particular defendant, notwithstanding that the original accusatory instrument may be replaced or superseded during the course of the action * * * even * * * where- the original accusatory instrument was dismissed outright and the defendant was subsequently haled into court under an entirely new indictment.” (Supra, at 356.)
The holding" of Lomax (supra) was extended by the Court of Appeals in People v Osgood (52 NY2d 37 [1980], supra). In joined appeals, the Court was confronted with factual scenarios where the People were repeatedly not ready to proceed with felony hearings following the filing of felony complaints, resulting in the trial courts’ dismissals of the complaints. In both cases, the defendants were subsequently indicted for the same offenses contained in the original felony complaints; defendant Haynes was indicted within six months from the filing of the original accusatory instrument while defendant Osgood was indicted almost seven months after her arraignment on the original instrument.[4]
Finding that the commencement of the criminal action related back to the filing of the original accusatory instrument, the Court rejected the People’s reading of Lomax (supra) as ap *19 plying to only those situations where a defendant is held, or deemed to be held, for further proceedings after dismissal of the original accusatory instrument. Rather, the Court held that where a successive indictment can be traced to the original accusatory instrument, the successive indictment is deemed to have directly derived from the earlier accusatory instrument.[5] The Court went on to rule that the criminal action which commenced with the filing of the original felony complaint is not terminated when that complaint is dismissed, but rather “ ‘terminates with the imposition of sentence or some other final disposition in a criminal court of the last accusatory instrument filed in the case’ * * * Here, the dismissal of the felony complaint may have finally disposed of the first accusatory instrument in the case. But as long as the District Attorney is free to continue the prosecution by obtaining an indictment, dismissal of the felony complaint cannot be said to have disposed of, finally, or otherwise, the last accusatory instrument ‘in the case’.” (People v Osgood, supra, at 44-45 [citation omitted].) In so holding, the Court observed that the legislative intent behind the imposition of a six-month ready rule was to eliminate the potential for prejudicial effects inherent in unjustified delays and that the statute was not to be construed so as to provide the People with incentive to conduct a dilatory prosecution.
While Osgood (supra) extended the People’s speedy trial obligations to that time between the filing of two accusatory instruments, the Court did not reach the issue of excludable time arising from the first instrument and its application to the successive instrument; that issue was addressed in People v Sinistaj (67 NY2d 236 [1986], supra), wherein an indictment charging criminal possession of a weapon in the third degree under subdivision (4) of that statute[6] was replaced with an indictment charging the same crime but a different subdivision upon the People’s realization that the defendant was erroneously charged with the subdivision which excludes liability for possession of a weapon in a place of business. Having been accused of possessing a firearm in his office, the second indict *20 ment charged defendant with the crime of criminal possession of a weapon in the third degree under subdivision (1) which, although based on the same underlying facts as the original indictment, contained the additional element that defendant had been previously convicted of a felony.[7] Despite the fact that the second accusatory instrument had not been filed within six months of the original accusatory instrument and, as reasoned by the trial court, the People could not therefore have satisfied the readiness requirements of the statute, the Court of Appeals reiterated the relation-back doctrine espoused in Lomax and Osgood (supra), holding that “[w]e perceive no logical reason why, when a subsequent indictment is related back to the commencement of the proceeding for purposes of applying the six-month limitation prescribed by CPL 30.30 (1) (a), it should not also be related back for the purpose of computing the time to be excluded from that limitation.” (People v Sinistaj, supra, at 239.)
In reaching its decision, the Court noted that a contrary holding would result in an adoption of only that part of the statute whereby the People are allotted six months to be trial ready, but would fail to give effect to the remainder of the statute which provides exclusions. The Court reasoned that such an inconsistent application of the speedy trial statute would offend the rooted precepts of statutory construction whereby all provisions of a statute must be given full force in determining the meaning of a particular statutory scheme. The Court stated that a contrary rule would, in effect, preclude the filing of any superceding or replacement indictment six months after the original accusatory instrument, an outcome clearly contrary to the provisions of the CPL which permit the People to seek another indictment in the same criminal action. (See, CPL 200.80.) Maintaining that the narrow purpose of the speedy trial statute was to insure “prompt prosecutorial readiness for trial,” the Court concluded that the application of excludable time to the successive accusatory instrument was “entirely consistent with the purpose of CPL 30.30 as a prosecutorial readiness rule.” (People v Sinistaj, supra, at 239, 240.)
Unlike Sinistaj (supra), which dealt with successive indictments, the instant matter presents a seemingly unique set of facts for the purpose of the application of the relation-back doc *21 trine. Indeed, neither the People nor defense cite to any case which involves the replacement of a felony complaint with a misdemeanor accusatory instrument that is later replaced with an indictment which reconstitutes the original felony charges. Despite the distinct posture of this case, this court finds the rationale of Sinistaj compelling. Clearly, the indictment is derived from the same set of facts as the original felony complaint[8] and thus, under Lomax (supra), the commencement of the action is deemed to have occurred when the first accusatory instrument was filed. To recognize, as this court must, that the action commenced with the filing of the first accusatory instrument and to thus begin the six-month calculation from that point, but to ignore any exclusions which might have occurred during the pendency of the misdemeanor information, would give effect to a statutory interpretation that was explicitly rejected by the Sinistaj Court. Counsel cannot not have it both ways; if the second instrument relates back for the purpose of the commencement of the six-month period, as counsel so argues, then the exclusions under subdivision (4) of the speedy trial statute (CPL 30.30) must be applied as well.
Further, a disregard of otherwise excludable adjournments would be contrary to the legislative intent of the statute as a “prosecutorial readiness” statute. Here, the People stated that they were ready to proceed on the misdemeanor information; whatever can be inferred from the fact that the People saw fit to dismiss the felony charges and later revive them does not act to undo their state of readiness or otherwise cast doubt on their ability to proceed to trial on that instrument. (See, People v Terry, 225 AD2d 306, 307 [1st Dept 1996] [holding that “(a) statement of readiness * * * is not retroactively nullified or already excluded time rendered includable, when an indictment with respect to which the statement is made is subsequently dismissed * * * (n)either the People’s intention to file a superseding indictment nor their filing of same signifies a lack of readiness to proceed on the original indictment since the People were ‘technically positioned’ to go to trial”] [citations omitted].)
Moreover, even assuming that the People could not have been ready on the felony charges and that their reduction was somehow disingenuous, this would not shield the defense from conduct which would in any other situation of a speedy trial calculation amount to an exclusion. (See, e.g., People v Cambridge, 230 AD2d 649 [1st Dept 1996] [defense counsel’s ac *22 tions having triggered one of the statutory exclusions, the People’s lack of readiness was irrelevant]; People v Kanter, 173 AD2d 560 [2d Dept 1991] [where initial indictment dismissed after motion by defendant on ground that insufficient grand jurors heard evidence, the delay occasioned by motion practice on first indictment is similarly considered under second indictment despite the fact that first indictment was jurisdictionally defective].) Here, as will be discussed infra, most adjournments were occasioned by defense requests or otherwise owing to defendant. Furthermore, throughout the pendency of the case as a misdemeanor the defense had the opportunity to resolve the case either through trial or plea; such a resolution may have barred any further prosecution.
Finally, this court is not persuaded by counsel’s argument that the facts herein are closer to Osgood (supra) than to Sinistaj (supra). Indeed, the facts of Osgood are readily distinguishable from the instant matter in that in Osgood there was no dispute that the People were entirely responsible for the delay in prosecution. Because of this, the Osgood Court concerned itself with the time between the dismissal of the first indictment and the filing of the successive indictment. This is not the issue presently before this court.
Accordingly, this court finds that the rationale of Sinistaj (supra) is persuasive and that the periods which would be excludable under the misdemeanor information are excludable under the indictment. The People concede the time between May 12, 1998 to June 26, 1998 (45 days). Turning to the remaining adjournments,[9] this court finds as follows:
On June 26, 1998, the court deemed the complaint an information, and the People stated that they were ready to proceed. However, defendant, who was incarcerated, was not produced and the case was adjourned to July 27, 1998, for defendant’s arraignment on the information. Despite the fact that the People now contend that this period is excludable, they are charged with this adjournment inasmuch as defendant was not produced. (People v England, 84 NY2d 1, 4 [1994] [“The People are not presently ready for trial * * * where they fail to produce an incarcerated defendant for trial”].) The People are charged with this period (31 days).
On July 27, 1998, a motion schedule was set by the court and the matter was adjourned to September 28, 1998, for the *23 People’s response to defendant’s motion and for the court’s decision thereon. This period is excludable. (CPL 30.30 [4] [a].)
On September 28, 1998, the People stated that they announced that they were ready to proceed to trial and that the case was adjourned for this purpose to November 4, 1998. The People have indicated that they will provide this court with the minutes from this adjournment. The court will hold in abeyance its decision on this 37-day adjournment pending receipt of the minutes of this adjournment from the trial assistant.
On November 4, 1998, the People initially announced that they were ready to proceed to trial on the misdemeanor information but, as revealed in the minutes, another trial assistant stood up on the case and indicated that although the People’s police witnesses were present in the morning, they were notified to appear on two cases and therefore their availability was questionable. Defense attorney was not present as he was on trial elsewhere and the matter was adjourned to November 23, 1998. On November 10, 1998, the instant indictment charging the original felony charges was voted, and on November 16, 1998, the People filed this indictment along with a statement of readiness. On November 23, 1998, the People dismissed the misdemeanor information. The People now concede that they are charged with the time from November 10 to November 16. At most, the People are charged with this six-day adjournment.[10] (CPL 30.30 [4] [b]; People v Cambridge, supra; People v England, supra.)
In total, the People are charged with 82 days. Therefore, even considering the additional 37 days, at most the People would stand charged with 119 days. Inasmuch as this time is well within the six-month trial readiness rule articulated in CPL 30.30 (1) (a), the defendant’s motion to dismiss counts 35, 36, 37 and 38 is denied.

. Counsel has adopted defendant’s pro se speedy trial motion, which was affirmed on February 19, 1999.

. The People do not herein dispute that counts 35 through 38 constitute the original felony charges brought against defendant.

. In addition to written submissions, this court heard argument on November 19, 1999.

. Defendant Haynes was arraigned on June 12, 1977. A felony hearing was then scheduled for June 27, July 14, and August 3, at which time the court dismissed the felony complaint. Defendant was indicted on the second indictment on November 4, 1977. Defendant Osgood was arraigned on June 2, 1977, with the case adjourned for a felony hearing to June 22, August 12, September 7, September 26 and October 26, at which time the case was dismissed. Defendant was indicted on the second indictment on December 23, 1977.

. In attempting to distinguish Lomax (supra), the People argued that granting leave to re-present was akin to an order holding defendant for the action of a Grand Jury pursuant to CPL 210.45 (9).

. Criminal possession of a weapon in the third degree, subdivision (4), provides that a person is guilty of that offense when “[h]e possesses any loaded firearm. Such possession shall not * * * constitute a violation of this section if such possession takes place in such person’s home or place of business.” (Penal Law § 265.02 [4].)

. Criminal possession of a weapon in the third degree, subdivision (1), provides that a person is guilty of this offense when “[h]e commits the crime of criminal possession of a weapon in the fourth degree * * * and has been previously convicted of any crime.” (Penal Law § 265.02 [1].)

. This is not disputed by the People.

. Defense counsel has limited his instant speedy trial motion to only that time up to the filing of the indictment.

. Although the People’s purported assertion of readiness was equivocal and therefore did not constitute an assertion of present readiness (People v England, supra), should the awaited minutes from September 28, 1998 support the People’s, claim that they in fact asserted their readiness to proceed to trial on that date, the court will, upon motion, reconsider whether the People are to be charged with this six-day adjournment. (People v Cajigas, 224 AD2d 370 [1st Dept 1996].)