■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONSO HERNANDEZ, Also Known as ALPHONSO HERNANDEZ, Appellant. [702 NYS2d 247] —Judgment, Supreme Court, New York County (John Bradley, J., on speedy trial motion; Bonnie Wittner, J., at jury trial and sentence), rendered June 30, 1997, convicting defendant of sexual abuse in the first degree and unlawful imprisonment in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 6 years and 2 to 4 years, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. We see no reason to disturb the jury's determinations concerning credibility.

Defendant's speedy trial motion was properly denied. The period following the denial of defendant's suppression motion was properly excluded as a reasonable time to prepare for trial (see, People v Heine, 238 AD2d 212). We conclude that this was "a reasonable period of delay resulting from * * * pre-trial motions" within the meaning of CPL 30.30 (4) (a). The delay caused by the officer's injury was properly excluded as "exceptional circumstances" (CPL 30.30 [4] [g]), since the People represented to the court that the officer had broken her

ankle and could not walk, even with crutches (*see, People v Celestino*, 201 AD2d 91, 95; *see also, People v Womack*, 229 AD2d 304, *affd* 90 NY2d 974). Such a representation by the People was sufficient to permit the court to find that the adjournment was warranted.

We perceive no abuse of sentencing discretion and conclude that the sentence was not based on any improper criteria. Concur—Rosenberger, J. P., Williams, Rubin, Andrias and Buckley, JJ.