■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL MERRIHEW, JR., Appellant. [755 NYS2d 462] —Mercure, J.P. Appeal from a judgment of the Supreme Court (Lamont, J.), entered April 7, 2000 in Ulster County, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fourth degree and criminally using drug paraphernalia in the second degree (two counts).

Defendant was indicted on September 1, 1998, and charged with the crimes of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fourth degree and criminally using drug paraphernalia in the second degree (two counts). The People declared their readiness for trial in open court on September 23, 1998, and the matter proceeded to trial before County Court. On May 26, 1999, following jury selection, opening statements by counsel and the partial testimony of a police officer, County Court (Bruhn, J.) sua sponte declared a mistrial with the consent of the parties after determining that the trial would take longer than the time originally allotted and interfere with the ability to maintain a jury of 12 persons. Although the People have consistently maintained that they did not object to the court's suggestion that a new trial be scheduled to commence in September 1999 and that they remained ready for trial following the declaration of the mistrial, they did not expressly communicate their readiness to proceed on the record in open court or by written notice to defense counsel and the court.

The case was transferred to Supreme Court, Ulster County, and a new trial commenced on January 31, 2000. Following a hearing, defendant's motion to dismiss the indictment on speedy trial grounds was denied. A second trial was held, at the close of which defendant was convicted on all counts and

sentenced to, inter alia, six years to life in prison. Defendant now appeals, arguing, among other things, that Supreme Court erred in denying his CPL 30.30 motion to dismiss the indictment.

When a defendant is accused of a felony, the People have six months from "the commencement of [the] criminal action" to declare their readiness (CPL 30.30 [1] [a]). CPL 30.30 (5) (a) provides that "where the defendant is to be * * * retried following a mistrial, * * * the criminal action * * * must be deemed to have commenced on the date the * * * order occasioning a retrial becomes final." Accordingly, once County Court declared a mistrial upon its own motion on May 26, 1999, the People had until November 26, 1999 to declare themselves "ready for trial." While the People assert that they remained ready to proceed, they failed to declare readiness either in open court or by written notice sent to both defense counsel and the appropriate court clerk following the declaration of the mistrial. Therefore, they were not "ready for trial" within the meaning of the statute (*see People v Chavis*, 91 NY2d 500, 505).

The People argue that their CPL 30.30 responsibilities were satisfied by their initial, pre-mistrial declaration. This argument is contrary to the literal language of the statute, which clearly provides that the criminal action is deemed to have recommenced, thus triggering the speedy trial clock, when a mistrial is declared and a new trial is ordered (*see People v Delacruz*, 241 AD2d 328, 328, *lv denied* 90 NY2d 939; *People v Weaver*, 162 AD2d 486, 487, *lv denied* 76 NY2d 868; *People v Fudger*, 70 AD2d 703, 703; *cf. People v Cortes*, 80 NY2d 201, 214-215; *People v Tamulewicz*, 88 AD2d 698). Inasmuch as the People make no further attempt to show, and the record does not indicate, that any time periods should be excluded under CPL 30.30 (4), the indictment should be dismissed (*see People v Chavis, supra* at 504-505). In light of our determination, it is unnecessary to consider defendant's alternative arguments in favor of reversal.

Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, and indictment dismissed.