People v Little (2024 NY Slip Op 50706(U))

[*1]

People v Little

2024 NY Slip Op 50706(U)

Decided on June 12, 2024

Supreme Court, Kings County

Hecht, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 12, 2024
Supreme Court, Kings County

The People of the State of New York

against
Debra Little, Defendant.

Ind. No. 77497-2023

ADA Stacie Ulberg, Kings County District Attorney's Office
Cody Warner, Esq.

John T. Hecht, J.

Defendant Debra Little is charged with Criminal Possession of a Controlled Substance in the Third Degree (PL § 220.16[1]) and related crimes. On March 8, 2024, the People served and filed a certificate of compliance and inventory of items that had been provided to the defense and announced their readiness for trial. The People subsequently served and filed supplemental certificates of compliance on March 28, 2024, and May 23, 2024. 
By motion filed on May 15, 2024, the defendant challenges the certificate of compliance, claiming it is invalid due to the People's failure to provide, pursuant to Criminal Procedure Law ("CPL") section 245.20[1], various discoverable items.
The defendant's motion is denied as untimely. A motion challenging the validity of the People's certificate of compliance constitutes a pre-trial motion and is therefore governed by CPL Articles 255 (People v Smith, 79 Misc 3d 649, 658-59 [Sup Ct Queens Co 2023]) and 245.
Pursuant to CPL section 255.20[1], all pre-trial motions must be filed within forty-five (45) days of arraignment. Extensions of the forty-five-day rule are permitted where a defendant, with due diligence, could not have previously been aware of the grounds upon which to make the motion, or upon a showing of "good cause" why the motion could not have been made within the specified time frame (CPL § 255.20[3]). Defendant did not file her motion within forty-five days of the certificate of compliance, which had been filed on March 8, 2024; nor has she shown any cause, let alone "good cause," why she failed to challenge the certificate sooner than sixty-eight (68) days had passed since the original certificate. None is apparent, moreover, from the record.
Indeed, more stringently even than section 255.20, Article 245 specifically requires a defendant to alert the opposing party and address any challenges to the sufficiency of a certificate of compliance by motion "as soon as practicable" (CPL §§ 245.50[4][b], [c]) (emphasis added). Rather than observe this requirement, defendant waited until May 15, 2024, sixty-eight (68) days after the certificate of compliance, to file the instant motion. Thus, defendant flouted not only the forty-five-day rule of Article 255 but also the "as soon as practicable" rule of Article 245, which surely mandates an earlier challenge to the certificate of compliance than forty-five days.
This court further concludes that defendant's delay in challenging the People's certificate [*2]of compliance is unreasonable under the circumstances (Smith, 79 Misc 3d at 657; see also People v Barralaga, 73 Misc 3d 510, 153 NYS 3d 808, 816 [Crim Ct NY Co 2021]), because defendant's motion is substantively without merit.
Pursuant to CPL section 245.20[2], good faith, diligence, and reasonableness under the circumstances are the standards by which a certificate of compliance must be judged (see People v Bay, 41 NY3d 200, 211 [2023]).
As observed by the Court of Appeals in Bay, in assessing whether the People made reasonable efforts sufficient to satisfy CPL article 245, courts must consider, among other things, "the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery" (id. at 212).
Judged against this standard, this court finds that the People acted diligently to collect, update, and disclose discovery to the defendant in compliance with CPL article 245.
Here, the People turned over copious amounts of discovery in connection with their initial certificate, substantially complying with their discovery obligations pursuant to CPL § 245.20 at the time they filed their certificate of compliance. This discovery, as reflected in the People's discovery list, is voluminous and includes, among other items, grand jury minutes and exhibits, the DD5s of the arresting officer, search warrant materials, and numerous Giglio disclosures.
This court declines to invalidate the People's certificate of compliance on the ground that, as defendant claims, three items of discovery were missing from the original certificate (relevant memo book entries of Detective James Santana, memo books for Police Officer Juan Parodi, and IAB log 
# 2019-31875 for Police Officer Majid Ahmed), items which were either in fact disclosed at the time of the certificate (all the Giglio material in the People's possession) or have been since (memo book entries of Detective Santana and Officer Parodi). 
Discoverable information may be disclosed belatedly (CPL § 245.80[1][a]) and the absence of some items of discovery from the original certificate is excusable, particularly given that the People acted diligently to rectify the situation in a timely fashion once they learned that certain items were not turned over. In any event, defendant has failed to identify any undisclosed items or to show that she has suffered any prejudice from the People's belated disclosures (CPL § 245.80[1][a]).
Accordingly, this court declines to invalidate the People's certificate of compliance.
As the six-month period in which the People are required to be ready for trial is measured by the number of days in the intervening calendar months, the People are allotted 184 days to be ready for trial in this case (see People v Cortes, 80 NY2d 201 [1992]).
This action commenced on August 25, 2023, when the defendant was arraigned on the felony complaint. She was subsequently indicted and arraigned on the indictment on January 17, 2024. On that day, defendant moved for inspection of the grand jury minutes and the case was adjourned to March 5, 2024, for decision and discovery.
The court issued a written decision off-calendar, on March 4, 2024, finding the grand jury minutes to be sufficient.
On March 5, 2024, the case was adjourned to April 16, 2024, for the People's certificate of compliance. Three days later, on March 8, 2024, the People served and filed a valid certificate [*3]of compliance and statement of readiness, along with numerous items of discovery and an inventory of those items. In addition, on March 28, 2024, the People provided defendant with supplemental discovery and, on the same date, filed a supplemental certificate. 
On April 16, 2024, the case was adjourned to May 20, 2024, for the defense certificate of compliance and a pre-hearing and trial conference.
Defendant filed the instant motion on May 15, 2024. She argues that the People have exceeded the permissible statutory time to announce their readiness by "six months and twelve days."
The Court of Appeals has explained the procedure for deciding a speedy trial motion:
Whether the People have satisfied this [speedy trial] obligation is generally determined by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any post-readiness periods of delay that are actually attributable to the People and are ineligible for exclusion.
Cortes, 80 NY2d at 208.
Thus, when a defendant alleges a violation of her speedy trial right, the People must identify the statutory exclusions on which they intend to rely, and the defendant any legal or factual impediments to the use of those exclusions (People v Beasley, 16 NY3d 289, 292 [2011] citing People v Goode, 87 NY2d 1045, 1047 [1996]).
Here, the period between defendant's arraignment on the felony complaint on August 25, 2023, and her scheduled arraignment on the indictment on January 17, 2024, is chargeable to the People. [145 days]
Contrary to defendant's assertions, the period between January 17, 2024, and March 5, 2024, when this case was adjourned for decision on the sufficiency of the grand jury minutes is not chargeable to the People, as it was an exclusion for motion practice and with defendant's consent and at her request (CPL § 30.30[4][a], [b]).
Indeed, defendant concedes that on the day of her Supreme Court arraignment, she requested inspection of the grand jury minutes. Her contention that the adjournment for judicial review of the minutes is includable because it did not delay the People's ability to certify discovery compliance and announce their readiness for trial is inapposite.
The People's lack of readiness during this time period is irrelevant in light of defendant's request for judicial review of the grand jury minutes, her participation in the adjournment for that review, and her consequent triggering of the motion exclusion (CPL § 30.30[4][a], [b]; People v Galante, 78 Misc 3d 32, 33 [App Term, 2d Dept, 9th & 10th Jud Dists 2023] ["the exclusions that the People argue are applicable here—CPL 30.30 (4) (b) and (f)—apply regardless of whether the People have filed a CoC and announced ready"]; People v Kopciowski, 68 NY2d 615, 617 [1986] ["[w]here adjournments are allowed at defendant's request, those periods of delay are expressly waived in calculating the People's trial readiness without the need for the People to trace their lack of readiness to defendant's actions"]; People v Cambridge, 230 AD2d 649, 650 [1st Dept 1996] [prosecution's unreadiness for trial irrelevant due to defense counsel's request for adjournments]).
Consequently, the adjournments for the court to obtain and review the minutes, as requested by the defense, are excludable from the speedy-trial calculation.
Three days (3) are chargeable to the People for the period between March 5, 2024, and March 8, 2024, when the People filed their certificate of compliance. [3 days]
For the period between March 8, 2024, to the present, this court finds that no additional periods of delay are chargeable to the People. On March 8, 2024, the People filed a valid certificate of compliance and statement of readiness sufficient to stop the speedy trial clock. On the next scheduled date, April 16, 2024, the case was adjourned to May 20, 2024, for the defendant's certificate and a pre-hearing and trial conference. During that adjournment, on May 15, 2024, defendant filed the instant motion, additionally tolling the clock.
Accordingly, this court finds that only 148 days are chargeable to the People.
Because less than six months has elapsed since the commencement of this action, defendant's motion to dismiss the indictment on speedy-trial grounds is denied.
The foregoing constitutes the decision and order of the court.
Dated: June 12, 2024
Brooklyn, NY
JOHN T. HECHT, A.J.S.C.