People v Hicks (2025 NY Slip Op 00638)

People v Hicks

2025 NY Slip Op 00638

Decided on February 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 04, 2025

Before: Friedman, J.P., Gesmer, González, Scarpulla, Pitt-Burke, JJ. 

Ind. No. 1316/21 Appeal No. 3613-3613A Case No. 2023-03115 

[*1]The People of the State of New York, Appellant,
v
Dekwuan Hicks, Defendant-Respondent.

Darcel D. Clark, District Attorney, Bronx (Paul A. Andersen of counsel), for appellant.
Jenay Nurse Guilford, Center for Appellate Litigation, New York (Cathy Liu of counsel), for respondent.

Order, Supreme Court, Bronx County (Naita A. Semaj, J.), entered on or about May 9, 2023, which granted the People's motion for reargument of defendant's CPL 30.30 motion to dismiss the indictment, and upon reargument, adhered to a prior order, same court and Justice, entered on or about March 7, 2023, which granted defendant's motion, unanimously reversed, on the law and on the facts, defendant's motion denied, the indictment reinstated, and the matter remitted to Supreme Court for further proceedings. Appeal from order, entered on or about March 7, 2023, unanimously dismissed as superseded by the appeal taken from the order entered on or about May 9, 2023.
The court should have denied defendant's CPL 30.30 motion to dismiss the indictment. The 39-day period during which a "necessary police witness" was "medically unavailable" should have been excluded as an "exceptional circumstance" under CPL 30.30(4)(g) (People v Onikosi, 140 AD3d 516, 517 [1st Dept 2016], lv denied 28 NY3d 1074 [2016]; see also People v Hernandez, 268 AD2d 344, 344-345 [1st Dept 2000], lv denied 95 NY2d 853 [2000]). The People established that the officer's broken ankle constituted a "sufficiently restricting injury," given that the officer suffered from limited mobility, had not been cleared to testify by the police surgeon, and was unable to work in even a limited capacity during the relevant period (see People v McLeod, 281 AD2d 325, 327 [1st Dept 2001], lv denied 96 NY2d 899 [2001] [internal quotation marks omitted]). The People's representations, supported by documentation of the officer's medical leave, "constituted sufficient proof of [his] medical unavailability and the People [are] not obligated to prove it by other means" (People v Bailey, 221 AD2d 296, 296 [1st Dept 1995]; see also Hernandez, 268 AD2d at 344-345). Contrary to defendant's contentions, "[t]he People were not required to show that the witness was completely immobilized or totally incapacitated, or that they had made extraordinary efforts to secure his presence" (People v Alcequier, 15 AD3d 162, 163 [1st Dept 2005], lv denied 4 NY3d 851 [2005]; see also People v Celestino, 201 AD2d 91, 95 [1st Dept 1994]).
We also find that the 10-day period following "[d]efense counsel's assertion . . . that he would be filing a CPL 30.30 motion prompted an adjournment for defense motions that was properly excludable" (People v Ali, 209 AD2d at 227; see also CPL 30.30[4][a], [b]), "irrespective" of the People's readiness on that date (People v Delacruz, 241 AD2d 328, 328 [1st Dept 1997], lv denied 90 NY2d 939 [1997]; see also People v Roebuck, 279 AD2d 350, 351 [1st Dept 2001], lv denied 96 NY2d 805 [2001]).
Defendant's arguments concerning the period of delay from February 10 to February 15, 2023 are unpreserved (see People v Beasley, 16 NY3d 289, 292-293 [2011]; People v Humphrey, 231 AD3d 413, 413 [1st Dept 2024]), and we decline to review them in the interest of justice. As an alternative holding, we find that [*2]this time period was properly excluded as motion practice under CPL 30.30(4)(a) (see People v Ali, 209 AD2d 227, 227 [1st Dept 1994], lv denied 85 NY2d 905 [1995]). Defendant has not established "that the People's response to the speedy trial motion was so dilatory or unsatisfactory that any further time should have been charged" (People v Davila, 257 AD2d 485, 486 [1st Dept 1999], lv denied 93 NY2d 968 [1999]; see also People v Johnson, 291 AD2d 346 [1st Dept 2002]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2025