■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES TANO, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered October 13, 1988, upon a verdict convicting defendant of the crime of burglary in the second degree.

On September 8, 1986, at approximately 7:00 P.M., defendant allegedly entered the Sullivan County residence of David Kessler and Seleena Kessler and stole two items of gold jewelry. The incident was reported to the authorities 10 days later. After a police investigation, the Kesslers positively identified defendant as the perpetrator and a felony complaint was filed on December 13, 1986. Defendant was not, however, arrested until May 22, 1987 and the indictment, charging him with burglary in the second degree and robbery in the third degree, was not filed until July 29, 1987. The People announced their readiness for trial on July 31, 1987. A *Wade* hearing was commenced on January 20, 1988, but due to the unavailability of one of the People's material witnesses, Mrs. Kessler, it was continued until July 1988. During the interim, County Court held a hearing pursuant to defendant's motion, dated January 25, 1988, to dismiss the indictment on speedy trial grounds. In a decision issued July 15, 1988, the court concluded that defendant's right to a speedy trial had not been violated and denied defendant's motion.

Following a jury trial held in August 1988, defendant was convicted only of the burglary charge. He was sentenced as a second felony offender to an indeterminate term of 5 to 10 years' imprisonment. After his several posttrial motions were denied, defendant filed this appeal in which he alleges that County Court erroneously denied his speedy trial motion,

allowed inadmissible hearsay into evidence and improperly charged the jury.

Concededly, the People were not ready for trial within six months of the commencement of this criminal action (see, CPL 30.30 [1] [a] ). At the speedy trial hearing, however, the District Attorney testified that his office had an unwritten policy of not indicting absent defendants (see, People v Bratton, 103 AD2d 368, affd on opn below 65 NY2d 675). While two former Assistant District Attorneys testified that they were unaware that the nonindictment procedure was formal office policy (although it was acknowledged that the District Attorney preferred not to indict absentees) and that the policy was admittedly never communicated to the local legal aid office, this testimony did no more than present a challenge to the credibility of the People's witness. We see no reason to disturb County Court's decision to credit this testimony (see, 34 NY Jur 2d, Criminal Law, § 1870, at 152).

And, State Police Investigator Paul Hans' testimony, that he questioned another individual who was allegedly involved in the incident regarding defendant, asked both defendant's former employer and his girlfriend's employer to advise him should they learn of defendant's whereabouts, and repeatedly contacted neighboring police departments until defendant was arrested, demonstrated that reasonable and diligent efforts were made to locate defendant (see, People v Cruz, 155 AD2d 683, 684). Accordingly, the five-month delay attributable to defendant's unavailability between December 1986 and the following May is chargeable to defendant, not to the People (see, People v Bratton, supra, at 374; see also, CPL 30.30 [4] [c] ).

Defendant alternatively argues that although the People first indicated their readiness for trial on July 31, 1987— defendant, for whom a bench warrant had previously been issued, having been arraigned on that date—they were not, in fact, ready at that time to proceed because one of the complaining witnesses, Mrs. Kessler, left the State shortly thereafter to vacation in Florida. On January 20, 1988, at the commencement of the Wade hearing requested by defendant, after Mr. Kessler testified, the People requested a continuance to secure Mrs. Kessler's presence and also a day certain for the trial. The requests were granted. Thereafter, Mrs. Kessler testified at the conclusion of the Wade hearing. Parenthetically, that hearing was completed on July 11, 1988, some four days before defendant's speedy trial hearing, which was initiated by defendant's motion on January 25, 1988, was concluded. It is also worth noting there is no basis in the record

to conclude that Mrs. Kessler, who was at the preliminary hearing in June 1987 and who remained in contact with the District Attorney's office while she was on vacation *(compare, People v Blue,* 114 Misc 2d 383, 385), would have been unavailable in a reasonable period of time to testify at trial. Consequently, we find no merit to defendant's speedy trial claim.

Even if we were persuaded, and we are not, by defendant's contention that County Court allowed impermissible hearsay to reach the jury, any prejudice that accrued to defendant as a result was offset by the court's prompt curative instructions *(see, People v Woods,* 134 AD2d 306, *lv denied* 70 NY2d 961).

One of defendant's remaining concerns regarding the charge does have merit, however, and mandates reversal. Despite defense counsel's failure to object, there is no question that County Court's error in refusing to charge criminal trespass as a lesser included offense of burglary was preserved *(see, People v Hoke,* 62 NY2d 1022, 1023-1024; *see also,* CPL 470.05 [2] ). The jury could reasonably have believed that defendant entered the Kessler dwelling to recoup money that was owed to him by the Kesslers' son and that only after defendant discovered that the son was unavailable did he demand money from Mrs. Kessler and take her jewelry. Because the jury could have concluded that defendant did not have the requisite intent to commit a crime when he unlawfully entered the residence, the failure to give the requested charge requires reversal *(see, People v Gaines,* 74 NY2d 358, 363).

We note further that it was error for County Court to charge, though not requested to do so, that an unfavorable inference could not be drawn from defendant's failure to testify *(see,* CPL 300.10 [2]; *People v Baker,* 153 AD2d 865, *lv denied* 74 NY2d 894).

Judgment reversed, on the law, and matter remitted to the County Court of Sullivan County for a new trial. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.