OPINION OF THE COURT
Gloria Goldstein, J.
By motion dated December 5, 1990, defendant moved, inter alla, for Mapp/Dunaway/Sandoval pretrial hearings arising out of an indictment charging defendant with criminal posses *853 sion of a weapon in the third degree. Following receipt of answering papers from the prosecution, this court ordered the holding of these hearings.
On February 15, 1991, the date scheduled for the said hearings and trial, the prosecution requested an adjournment of the Mapp/Dunaway hearings on the ground that there was "a possibility” that further investigation might lead to some further unspecified charges against this defendant.
The court advised the prosecutor that there was no reason why, at the very least, the Mapp/Dunaway hearing could not be conducted. For the suppression issue was patently unrelated to any new or "additional” charges, and this issue would have to be resolved — in any event — even assuming additional charges were in fact ultimately filed on a superseding indictment. The officer and/or officers required for the Mapp/Dunaway hearings were all physically present in the courthouse and were standing in the corridor outside the courtroom. The court, moreover, had specifically assigned this date and scheduled this time to conduct and conclude the hearings. Notwithstanding these factors, the prosecutor adamantly refused to go forward with the scheduled hearings.
The court assured the prosecutor that it was taking no position regarding the date of the actual trial of the case itself, and that the prosecutor would not be found, or deemed to have consented to the commencement of the trial by virtue of the fact that the Mapp/Dunaway hearing was going forward. After giving that assurance, the court asked the prosecutor for any reason, other than his desire to investigate for possible additional charges. No further reason was ever furnished.
When no further reason was forthcoming from the prosecutor, the court denied the adjournment request and ordered the People to proceed with the Mapp/Dunaway hearings.
This action has been assigned to this court as part of an innovative program called the "fast track.” Under the direction of Chief Judge Sol Wachtler and as implemented by Administrative Judge Milton Williams, the stated and clearly salutary intent of this program was to process and bring to trial those cases involving criminal possession of a weapon in the second and third degrees. These gun cases, in addition to creating an onerously burdensome impact upon our courts, are manifestly linked to the intended and indiscriminate violence afflicting innocents in our streets and houses.
*854 Against this background (and perhaps highlighted by it), the court turns to the adjournment request made by the prosecution in this case.
The Court of Appeals, in Matter of Hynes v George (76 NY2d 500), recently reaffirmed a trial court’s power to conduct its calendar, and more specifically, the trial court’s inherent power to grant or deny adjournment requests. This court is presently confronted with an adjournment request wholly devoid of any logical, rational or legitimate basis. The issue of a "possible” superseding indictment containing an additional charge or charges is independent of, and totally unrelated to the question of whether the physical evidence at a Mapp/ Dunaway hearing should be suppressed. The issue of the constitutionality of the police recovery of the weapon in this case must be decided even if some additional charges are ultimately brought against this defendant.
Why then, when police officers required for the hearing are taken from our public streets and are physically present in the courthouse; and, further, where the court expressly scheduled a specific date and time for this hearing, why should this hearing not be conducted? Our courts are presently confronted with a crushingly and virtually insurmountable case load. Our city and State are laboring under intense economic hardships. The extravagant waste of the time and assets of the police, this court, the court officers, court personnel and ancillary court staff, as proposed by the prosecutor in this proceeding, represent, in this court’s view, a recklessly cavalier and wholly unjustifiable position. This is particularly true since the only excuse proffered is the "possibility” of additional charges being lodged against the defendant — an event unrelated to the suppression hearing.
Under the existing circumstances, this court finds this explanation patently insufficient. The court, as noted in Hynes (supra), has the power, the discretion and an absolute need to hear and rule on all adjournment requests particularly as they affect these "fast track” gun charges. The court is unaware of any statutory or case law precedent which mandates that an adjournment be granted whether for the People or defendant where no legitimate predicate exists. Indeed, any such rule would be tantamount to creating a right of peremptory adjournments. This, of course, would' substantially undermine the court’s inherent power and discretion to rule on all adjournment requests. It is clear that a trial court has the *855 duty to review each adjournment request, and that each request must rise or fall on its individual merit.
The People’s request for an adjournment of the Mapp/ Dunaway hearing in this instance is without merit and is accordingly denied.
The People, having deliberately chosen not to proceed in this instance, and having further failed to put forth any evidence on the Mapp/Dunaway issues, did not meet their required burden and, accordingly, defendant’s motion to suppress the physical evidence is granted (People v Goggans, 123 AD2d 643, appeal dismissed 69 NY2d 1000).