■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NIHEEM CHAVIS, SILAS CLARK and EQUAN MONGO, Respondents. [656 NYS2d 64] —Appeal by the People from (1) an order of the Supreme Court, Richmond County (Kuffner, J.), dated November 6, 1995, which granted the respondents' respective motions to dismiss Queens County Indictment No. 114/94 insofar as asserted against them, and (2) as limited by their brief, from so much of an order of the same court, dated December 7, 1995, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated November 6, 1995, is dismissed, as that order was superseded by the order dated December 7, 1995, made upon reargument; and it is further,

Ordered that the order dated December 7, 1995, is reversed insofar as appealed from, upon reargument, the respondents' respective motions to dismiss Richmond County Indictment No. 114/94 insofar as asserted against them are denied, the order dated November 6, 1995, is vacated, the indictment insofar as asserted against the respondents is reinstated, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings.

The People were ready and a *Huntley* hearing was commenced on January 17, 1995. However, the hearing court inexplicably terminated the hearing before it concluded. Thereafter, due to a number of adjournments, the hearing was still pending in August 1995 when the respondents moved to dismiss the indictment on the grounds that their statutory right to a speedy. trial had been violated. The Supreme Court determined that the entire time frame from January 17 to August 8, 1995, the date the People again announced their readiness to proceed, was chargeable to the People. We disagree.

Much of the delay was attributable to adjournments which the respondents either consented to or participated in setting the adjourned date (*see, People v Meierdiercks,* 68 NY2d 613; *People v Matthews,* 227 AD2d 954; *People v Thomas,* 223 AD2d 610). Another part of the delay was due to the unavailability of a detective who the hearing court had already deemed to be an essential material witness. On one occasion the detective was testifying in a murder case in another county, and on another occasion the detective was needed at home as the sole caregiver of his cancer-stricken father (*see,* CPL 30.30 [4] [g]; *People v Lloyd,* 141 AD2d 671; *see also, People v Womack,* 229 AD2d 304; *People v Kindlon,* 217 AD2d 793; *People v Lee,* 217 AD2d 637; *People v Johnson,* 191 AD2d 709). Since the time properly chargeable to the People amounts to less than six months, the respondents' speedy trial rights were not violated. Copertino, J. P., Santucci, Joy and Goldstein, JJ., concur.