OPINION OF THE COURT
 

 ClPARICK, J.
 

 The question raised on each of these appeals is whether, for statutory speedy trial purposes, the People’s statement that they were ready to proceed with a pretrial suppression hearing served as the equivalent of a declaration of trial readiness thus enabling the People to avoid being charged with subsequent delays mostly due to court congestion and other court scheduling problems. We conclude that a statement of readiness for a hearing is not a substitute for a statement of trial readiness. Accordingly, the motion court properly charged the People with delay due to court congestion, resulting in dismissal of the indictment.
 

 
 *503
 
 Defendants were arrested on March 14, 1994 and were arraigned on a felony complaint in Criminal Court the following day. On April 7, 1994, defendant Chavis was arraigned on an indictment charging him with attempted murder and other related offenses. The other two defendants, Mongo and Clark, were arraigned on the same indictment on April 8.
 
 [1]
 
 Following motion practice, a pretrial
 
 Huntley
 
 hearing was set for October 17, 1994. The People announced readiness to proceed with the
 
 hearing
 
 on that date but it was adjourned, at the request of counsel for defendant Chavis, to January 17, 1995. On January 17, the People were unable to proceed with the hearing due to their failure to procure a material witness. The hearing was subsequently adjourned four consecutive times spanning a 203-day period, from January 17 to August 8, 1995. On August 8, the People stated their readiness for the hearing. However, the court adjourned the matter to September 5. At no time during this period did the People state their readiness to proceed to trial nor was a certificate of trial readiness filed with the court.
 

 In September 1995, 17 months after commencement of the criminal action, defendants moved to dismiss the indictment pursuant to CPL 30.30 (1) (a). All three defendants argued that, in addition to the 24-day period between the commencement of the action and arraignment on the indictment, the 203-day period from January 17 to August 8 was chargeable to the People bringing the total chargeable time to the People to 227 days, in excess of the 184-day period within which the People were required to be ready.
 
 [2]
 

 In opposition to defendants’ motions, the People conceded 111 days of includable time, specifically contesting two periods totaling 116 days: an adjournment from February 8, 1995 until April 11, 1995 and another from June 15th until August 8. On February 8, the People stated that a material witness for the hearing was unavailable because the witness was testifying in another trial and requested a 10-day adjournment. Due to calendar congestion, the court adjourned the case to April 11. With regard to the June 15th adjournment, the People’s witness was unavailable due to illness in the family. The People requested only a two-week adjournment, but the case was
 
 *504
 
 adjourned to August 8. Although admitting that 92 days were occasioned by court congestion, the People argued that the entire 116-day period was excludable due to exceptional circumstances (see, CPL 30.30 [4] [g]). Alternatively, the People argued that only the total of 24 days requested by the People on those two adjournment dates was includable.
 

 The trial court granted defendants’ speedy trial motions and dismissed the indictment. Rejecting the People’s argument that readiness for a hearing was equivalent to readiness for trial, the hearing court held that any delays caused by court scheduling problems were chargeable to the People. Thus, the court determined that all of the time between January 17, 1995, and August 8, 1995, 203 days, constituted prereadiness delay and was chargeable to the People. With the addition of the 24-day period between commencement of the criminal action and arraignment on the indictment, the total number of includable days was 228.
 
 [3]
 
 On the People’s motion for reargument, the court adhered to its decision. The court held that exceptional circumstances were inapplicable to the disputed adjournments and that, in any case, the claimed excludable period would only apply to the duration of the exceptional circumstances, not to the more lengthy adjournments set by the court. Hence, the People were still chargeable with 92 days of court congestion which, in addition to the 111 days conceded, brought them over the 184-day period within which to be ready for trial.
 

 The Appellate Division reversed finding that the People were ready for trial prior to the January 17th hearing date. The Court also held that “[m]uch of the delay was attributable to adjournments which [the defendants] either consented to or participated in setting the adjourned date” and that part of the delay was due to the unavailability of a detective (238 AD2d 349, 350). A Judge of this Court granted leave to appeal, and we now reverse and reinstate the order of Supreme Court dismissing the indictment.
 

 The basic principles of law governing this case are familiar and well established. CPL 30.30 (1) (a) mandates that the People be ready for the trial of a felony within six months, in this case 184 days, from the commencement of the criminal action. Failure to be ready within six months will result in dismissal of the indictment unless the prosecution can show that
 
 *505
 
 certain time periods should be excluded
 
 (People v Berkowitz,
 
 50 NY2d 333, 349;
 
 see also, People v
 
 Dean, 45 NY2d 651, 659).
 

 “Ready for trial” comprises two elements, (i) “either a statement of readiness by the prosecutor in open court, transcribed by a stenographer, or recorded by the clerk or a written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk” and (ii) the People must in fact be ready to proceed at the time they declare readiness
 
 (People v Kendzia,
 
 64 NY2d 331, 337). Delays caused by prereadiness court congestion do not excuse the People from timely declaring their readiness for trial
 
 (People v Smith,
 
 82 NY2d 676, 678;
 
 People v Brothers,
 
 50 NY2d 413, 417). Thus, in the absence of a statement of readiness to proceed, any delay due to court congestion is entirely chargeable to the People
 
 (People v Smith,
 
 supra;
 
 People v Brothers, supra; cf., People v Stirrup,
 
 91 NY2d 434).
 

 In the instant case, the People argue that the entire period of the disputed adjournments, 116 days, should have been excluded due to exceptional circumstances
 
 (see,
 
 CPL 30.30 [4] [g]). The claim is easily rejected. Here, the People specifically requested a total of 24 days due to the unavailability of a witness. Without deciding whether exceptional circumstances applied to those 24 days, it is undisputed that the remaining 92 days’ delay arose out of court scheduling problems which, we have held, do not constitute exceptional circumstances under CPL 30.30 (4) (g)
 
 (People v Brothers, supra,
 
 50 NY2d, at 416-417). Thus, given the People’s concession of 111 includable days, the dispositive issue here is whether the court congestion delays occurred pre- or postreadiness.
 

 The People contend that their October 17, 1994 statement of readiness for the
 
 Huntley
 
 hearing should serve as a statement of trial readiness. This argument runs counter to the express words of the statute, which provides that the People must be ready for
 
 trial (see,
 
 CPL 30.30 [1]). A pretrial suppression hearing is not the equivalent of a trial and the two serve entirely different purposes
 
 (see, e.g., People v Giles,
 
 73 NY2d 666, 671). A hearing usually determines narrow issues of the admissibility of evidence at the subsequent trial and does not involve the same witnesses as will be used at trial. Indeed, more often than not, the complainant — an essential witness at trial — is not a necessary witness at a pretrial
 
 Huntley
 
 hearing.
 

 Moreover, a statement of readiness for a hearing in no way demonstrates a
 
 present
 
 readiness for trial. At best, it is merely
 
 *506
 
 an expectation of future readiness. The People must demonstrate an actual readiness to proceed with trial at the time they declare readiness (see,
 
 e.g., People v Kendzia, supra,
 
 64 NY2d, at 337). Thus, in
 
 Kendzia,
 
 the prosecution’s acquiescence to a court-set date for the trial merely evinced an expectation that the People would be ready on that date but did not indicate actual readiness. We have also held that the People’s assertion, in response to a motion to dismiss, that they had been ready to proceed on a prior date was insufficient
 
 (People v Brothers,
 
 50 NY2d, at 416;
 
 People v
 
 Hamilton, 46 NY2d 932, 933). Here, too, the People’s claim in their motion papers that they were ready to proceed to trial when they stated that they were ready for the hearing will not suffice.
 

 Therefore, because the People failed to declare their readiness for trial as required by the statute, the 92-day delay due to court congestion was properly charged to the People and the indictment properly dismissed. It bears repeating here, that the People may avoid being charged with prereadiness delay occasioned by court scheduling by simply filing a certificate of readiness
 
 (see, People v Smith,
 
 82 NY2d 676, 678,
 
 supra),
 
 which of course presupposes an actual readiness to proceed. Thus, in
 
 People v Stirrup
 
 (91 NY2d 434,
 
 supra),
 
 the People were able to toll the “speedy trial clock” by filing a notice of readiness — a record communication of readiness as required by
 
 Kendzia,
 
 and contemporaneous with the People’s actual readiness for trial — during the adjournment period.
 

 Lastly, in spite of their concessions before the motion court, the People now claim that the period from January 17, 1995 to February 8, 1995 and the period from June 9 to June 15, 1995 should have been excluded, and would urge this Court to remit to the Appellate Division for that Court to exercise its interest of justice jurisdiction. This we cannot do. The People having waived these claims before the motion court, and defendants not having the opportunity to counter these claims legally or factually, the Appellate Division is without power to consider them
 
 (see, People v Nieves,
 
 67 NY2d 125, 135-136;
 
 People v Dodt,
 
 61 NY2d 408, 416).
 

 Accordingly, the order of the Appellate Division should be reversed, defendants’ motions to dismiss the indictment granted and the indictment dismissed.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Wesley concur.
 

 In each action: Order reversed, etc.
 

 [1]
 

 . A fourth defendant, Guy Williams, was charged in the same indictment. He pleaded guilty to assault in the first and third degrees and to third-degree criminal possession of a weapon, and waived his right to appeal.
 

 [2]
 

 . Defendants Clark and Mongo also argued that the adjournment from October 17, 1994 to January 17, 1995, at the request of counsel for codefendant Chavis, was chargeable to the People.
 

 [3]
 

 . The trial court apparently included the day the action was commenced. This day should have been excluded
 
 (People v Stiles,
 
 70 NY2d 765, 767).