OPINION OF THE COURT
Joseph J. Dawson, J.
This criminal proceeding commenced with the filing of an accusatory instrument on April 10, 2000. Defendant was charged with two misdemeanors: (i) assault in the third degree, in violation of section 120.00 (1) of the Penal Law, and (ii) operating a *149 motor vehicle while under the influence of alcohol, in violation of section 1192 (2) of the Vehicle and Traffic Law. Defendant also was charged with a traffic infraction relating to her operation of a motor vehicle while her ability to do so allegedly was impaired. (See Vehicle and Traffic Law § 1192 [1].) The third degree assault charge was later dismissed on the defendant’s motion, and with the People’s consent. Currently before the court is defendant’s motion to dismiss the remaining charges pursuant to sections 30.30 and 170.30 (1) (e) of the Criminal Procedure Law. For the reasons set forth below, the motion is granted.
As both sides recognize, the People were required to announce their readiness for trial within 90 days from the commencement of this action. Because defendant has alleged a delay exceeding the 90 days, it is the People’s burden on this motion to demonstrate that certain periods must be excluded from the section 30.30 calculations and that, when those exclusions are considered, the 90-day period has not yet elapsed. (See, e.g., People v Santos, 68 NY2d 859 [1986]; People v Berkowitz, 50 NY2d 333 [1980].) Both sides agree that the People must be charged with 58 days of prereadiness delay because the defendant was arraigned on April 10, 2000, and the prosecution did not convert the criminal court complaint into a triable information until June 7, 2000, when the court established a pretrial motion schedule.[1] Pursuant to that schedule, defendant was required to make her motions by June 21st, and the People were directed to respond by July 12th, at which time the court planned to issue a decision. Both sides agree that the adjournment from June 7, 2000 through July 12, 2000 must be excluded in light of the motion schedule.
On June 20, 2000, defendant filed a notice of motion and supporting affirmation seeking dismissal of the assault count in the accusatory instrument, and suppression of certain evidence, including a statement made at the time of her arrest and the results of a breathalyzer test. Although defendant had filed her motions within the deadline established by the court, *150 the People did not respond in a timely way. Instead, the People announced on July 12, 2000 that their response to the defense motions was “with the typist.” As a consequence, the court adjourned the matter to August 24, 2000, and noted that the case would be marked “final” against the People with respect to their response.
Of course, after the prosecution has announced its readiness for trial, only subsequent delays by the People are relevant to section 30.30 calculations. (See generally People v Anderson, 66 NY2d 529, 536 [1985].) The People are chargeable with “postreadiness” delays only when their dilatory conduct is the sole reason for the consumption of the time involved. (See, e.g., People v Harris, 82 NY2d 409, 412 [1993]; People v McKenna, 76 NY2d 59, 64 [1990].) When postreadiness delays result from factors outside the People’s control, the period involved cannot be charged to them. (See, e.g., People v Holden, 260 AD2d 233, 234-235 [1st Dept], lv denied 93 NY2d 1003 [1999].) For example, an adjournment for the court’s own convenience or as a result of calendar congestion cannot be charged to the People when, as here, they have previously asserted their readiness for trial. (See, e.g., People v Sebak, 245 AD2d 242, 243-244 [1st Dept 1997]; People v Tavarez, 147 AD2d 355, 356 [1st Dept], lv denied 73 NY2d 1022 [1989]; see also People v Brown, 195 AD2d 310, 311 [1st Dept], lv denied 82 NY2d 891 [1993].) Because the delay flowing from the filing of pretrial motions results from a defendant’s own action, the time consumed by the resolution of those matters ordinarily must be excluded from the relevant section 30.30 period, and they are excluded by specific statutory command in any event. (See CPL 30.30 [4] [a].)
Defendant takes the position, however, that the People’s failure to comply with the July 12th deadline set by the court for their response warrants an assessment of time against them because section 30.30 (4) (a) excludes only a “reasonable period of delay” incident to her motions. There is some authority for that approach. (See, e.g., People v Daley, 265 AD2d 566 [2d Dept 1999]; People v Reid, 245 AD2d 44 [1st Dept 1997], lv denied 91 NY2d 1012 [1998]; People v Owens, 209 AD2d 549 [2d Dept 1994], lv denied 86 NY2d 799 [1995].) Yet, the People’s conduct in this case was not so dilatory or outrageous as to warrant the kind of relief that defendant seeks here. The People did not simply ignore the deadline; a prosecutor appeared in court on the appointed date, and explained that the People’s papers were still being typed. (Cf. People v Commack, 194 AD2d 619, 620 [2d Dept 1993] [the People neither appeared *151 nor sought additional time, and did not respond until 10 days after the court-imposed deadline for doing so].)
In response to the People’s assertion on July 12th that their response to the motions was “in typing,” the court adjourned the case to August 24, 2000, implicitly granting them additional time. True, the People did not ultimately finalize and file their response until the August 24th date. However, there is nothing more in the record that would permit the court to disregard the representation made by the People on July 12th concerning the status of their response. Since this is not an instance in which the People, without explanation or excuse, consumed an unreasonable amount of time in which to respond to motions, the adjournment from July 12, 2000 to August 24, 2000 must be excluded. (See, e.g., People v Holden, 260 AD2d at 235; People v Foy, 249 AD2d 217 [1st Dept], lv denied 92 NY2d 897 [1998]; People v Anderson, 216 AD2d 309 [2d Dept 1995].)
On August 24, 2000, the People filed their response to the pretrial motions, and the court: (i) granted the motion to dismiss the assault charge, with the People’s consent; (ii) ordered that a Mapp /Huntley /Dunaway hearing be conducted in connection with the motion to suppress a statement and the breathalyzer results; and (iii) directed that the defendant’s Sandoval application be referred to the trial judge. The case was then adjourned to September 22, 2000, for the purpose of conducting the suppression hearing.
When, as here, a court orders that a suppression hearing must be conducted, it necessarily defers a final decision on the defendant’s pretrial motion to suppress. Indeed, by ordering the hearing in the first place, the court implicitly concludes that suppression cannot be granted or denied summarily (see CPL 710.60 [2], [3]), and that the requisite findings of fact and conclusions of law can be rendered only after the reception of evidence. (See CPL 710.60 [4].) As a consequence, both sides are entitled to a reasonable period of time to prepare for the suppression hearing, and the delay that results from such an adjournment must be excluded as a necessary incident to the pretrial motions made by the defendant. (See People v Green, 90 AD2d 705 [1st Dept], lv denied 58 NY2d 784 [1982]; cf. People v Santiago, 147 Misc 2d 143, 145 [Crim Ct, NY County 1990] [“the granting of a hearing may be properly considered a part of motion practice and thus excludable pursuant to CPL 30.30 (4) (a)”].) Thus, as defendant commendably concedes, the *152 period from August 24th through September 22nd must be excluded because the People were entitled to a reasonable adjournment to prepare for the hearing that had been ordered.
On September 22, 2000, the People announced that they were “ready for the Mapp hearing” that had been ordered on the previous date. The court then asked, “Are the People ready for all hearings?” When the People responded that they were ready only for the Mapp hearing, the court stated, “We are not going to do a bifurcated hearing. We are going to do a complete hearing or adjourn this matter.” At that point, the prosecutor stated, “The People request October 4th.” When the court expressed its intention to adjourn the matter to that date, defense counsel asked whether it “would * * * be possible to do it on October 11.” The matter was then adjourned for October 11, 2000 for the hearings.
In advocating their respective positions concerning the responsibility for the delay that flowed from the adjournment on September 22, 2000, each side views suppression hearings in entirely different ways. The People characterize a “Mapp! Huntley /Dunaway” as one proceeding with several different parts. All that is required of them, according to the People, is a good-faith commitment to commence that proceeding, and, in the event that the hearing cannot be completed owing to their inability to proceed, the court could either grant or deny a continuance, but could not “charge” them with any time. Instead, the People assert, the court would be required to impose a lesser sanction. (See generally People v Anderson, supra, 66 NY2d at 537-538; see, e.g., People v McBee, 172 Misc 2d 196, 198 [Sup Ct, Kings County 1997].) Defendant, in contrast, views a “Mapp /Huntley /Dunaway” hearing as three different proceedings. According to defendant, the People must assert their readiness for each of those proceedings, and in the event that they are not ready to proceed for one of the hearings, they must be assessed for any ensuing delays because their lack of readiness for any one of these hearings amounts to a direct impediment to the commencement of the trial itself.
Initially, the court rejects the People’s claim that they were required only to announce their readiness to commence the suppression hearing in order to avoid being assessed for the delay arising from their inability to complete that proceeding. True, as the People assert, the law does not require all witnesses to be present in the courtroom during a calendar call in order for them to make a valid assertion of their readiness for trial. (See, e.g., People v Robinson, 171 AD2d 475, 477 [1st *153 Dept 1991]; People v Tano, 169 AD2d 878, 879 [3d Dept 1991].)[2] But, this case does not involve the validity of a statement of trial readiness. It is undisputed that the People asserted their readiness for trial on June 7, 2000. Consequently, the People’s assertion on September 22nd that they were “ready” to commence the suppression hearing was legally immaterial for purposes of section 30.30. (Cf. People v Chavis, 91 NY2d 500, 505 [1998] [an announcement for readiness for a hearing is not equivalent to a statement of readiness for trial].) Instead, the material question is whether the People’s inability to complete the suppression hearing on September 22nd caused a postreadiness delay that must be charged to them.
As defendant correctly observes, the pendency of a suppression motion impedes a trial from commencing. (See CPL 710.40 [3]; see, e.g., People v Lloyd, 141 AD2d 669 [2d Dept], lv denied 73 NY2d 787 [1988].) Simply put, when the People cannot proceed with an evidentiary hearing on all questions of suppression, “they have not done all that is required of them to bring the case to the point where it may be tried.” (See People v McKenna, 76 NY2d at 64.) Accordingly, in contrast to other postreadiness defaults that might delay a trial by affecting a defendant’s ability to proceed (see, e.g., People v Anderson, 66 NY2d at 543), the People’s inability to go forward with the hearing on all of the suppression motions “was a direct, and virtually insurmountable impediment to the trial’s very commencement.” (People v McKenna, 76 NY2d at 64.)
Nor is there an acceptable lesser sanction that would permit the court to avoid assessing the resulting adjournment against the People as a postreadiness delay. The People suggest that preclusion or a continuance might be appropriate lesser sanctions. Of course, as Anderson suggests, “preclusion” can be an appropriate sanction for discovery violations or a failure to serve timely notice of a defendant’s statement or an identifica *154 tion procedure. (See People v Anderson, 66 NY2d at 542; see also CPL 240.70 [1]; 710.30 [3].) Here, however, there was no late notice; instead, this case involves the People’s lack of preparedness for a suppression hearing. The People have not directed the court to any statutory device that would authorize a “preclusion” order in such circumstances. Instead, it appears that the only appropriate course is to charge the People with the delay flowing from their inability to proceed. And, in fact, the Anderson case itself suggests that, when the People are not prepared to go forward with a suppression hearing, the court can charge them with the resulting delay. (See People v Anderson, 66 NY2d at 541 [noting that a “14-day delay” flowing from an inability to proceed with a Wade hearing was “the most that could be charged to the People in addition to the * * * prereadiness time,” even though the court also could have precluded the identification testimony in any event by virtue of the service of late identification notice]; see also People v Aragon, 177 Misc 2d 316, 318 [Crim Ct, Bronx County 1998] .)[3]
Even less appealing is the People’s suggestion that the court should have considered a continuance. Had the court granted a continuance, of course, the People arguably would not have been “sanctioned” at all.[4] Perhaps least attractive of all, however, is the People’s suggestion that the court could have denied a continuance and forced them to proceed with the Huntley /Dunaway hearing despite their lack of preparedness. There is little doubt that, regardless of the expiration of the People’s section 30.30 time, a court has authority in appropriate circumstances to deny further adjournments and continuances and direct that a trial or hearing proceed. (See, e.g., Matter of Hynes v George, 76 NY2d 500, 506 [1990]; People v Henderson, 149 Misc 2d 852, 854-855 [Sup Ct, Kings County 1991]; People v Goggans, 123 AD2d 643 [2d Dept 1986], appeal dismissed 69 NY2d 1000 [1987].) That sort of action, however, should be reserved for extraordinary circumstances, and the court can find no authority for the proposition that this is a “lesser sanction” within the meaning of Anderson.
In sum, the court concludes that the prosecution’s inability to complete the suppression hearing on September 22, 2000 led *155 to an adjournment that was the exclusive responsibility of the People and requires the assessment of time for that postreadiness delay. Since the People requested an adjournment until October 4, 2000, they must be charged with 12 days.
Defendant concedes that, on October 11, 2000, the People were ready to complete the hearings in question, and that the delay associated with the adjournment from October 11th through November 1, 2000 was the responsibility of the defense.
The next disputed adjournment occurred on November 1, 2000. On that date, the People stated that they were “ready to start the Dunaway portion of the hearing,” and that there was “one officer present * * * out of three.” After briefly consulting with the parties on another issue, the court then asked, “All right, so, People, you are not ready for the Huntley or the Mapp, right?” The prosecutor replied, “That’s correct; however, we are ready to start, Your Honor.” The People did not request an adjournment of any particular length, and the court adjourned the case to “November 29th for the hearing.” Based upon the prosecution’s conceded inability to complete the suppression hearing on November 1st, the court concludes that the resulting adjournment embodied a period of postreadiness delay that must be charged to the People. Accordingly, 28 additional days are charged.
Based upon the foregoing, it is clear that, as of November 29, 2000, the People had accumulated 58 days of prereadiness time, and were responsible for 40 additional days of postreadiness delay. Inasmuch as the relevant 90-day period had elapsed by November 29, 2000, defendant’s motion to dismiss on section 30.30 grounds must be granted. Accordingly, there is little need for the court to analyze the remaining adjournment periods in detail.
Nevertheless, in order to complete the record in connection with the motion, the court decides that the following periods must also be charged to the People: (i) three days arising from the People’s request for an adjournment of that length on November 29, 2000; (ii) seven days arising from the People’s request for an adjournment of that length on December 6, 2000;[5] (iii) five days arising from the People’s request for an adjournment of that length on March 1, 2001; and (iv) seven *156 days arising from the People’s request for an adjournment of that length on June 7, 2001.
A total of 120 days of chargeable time has elapsed, and the defendant’s motion to dismiss on section 30.30 grounds is granted.

. The People assert that they “stated ready” on June 7, 2000. (See affirmation of David Turchi, dated July 25, 2001.) The court takes this to be a representation that the People announced their readiness for trial on that date. Defendant does not challenge the assertion that the prosecution stated their readiness during that calendar call, and in fact, while reserving the right to assert that the People’s assertion of readiness for trial was illusory, defense counsel conceded at oral argument that the later adjournments should be characterized as postreadiness delays. (See transcript of oral argument, Sept. 6, 2001, at 3.)

. Contrary to the implication left by the People’s papers on this motion, the Tano case does not stand for the proposition that a prosecutor’s “readiness” to commence a suppression hearing without a present ability to complete it will insulate the People from an assessment of time for ensuing delays. In Tano, a suppression hearing was continued when a material witness had become unavailable. However, she was at all times in contact with the prosecutor and would become available within a reasonable time. (See People v Tano, 169 AD2d at 878.) Under those facts, it is hardly surprising that the Third Department held that the ensuing delay could not be charged under section 30.30. (Id. at 880.) In fact, had the People made a record showing such exceptional circumstances here, there would be no basis for assessing them with the delay that occurred on September 22nd. (See CPL 30.30 [3] [b]; [4] [g].)

. Without further guidance from an appellate court, the court declines to follow the contrary reading of Anderson that was set forth in People v McBee (172 Misc 2d 196, 198 [Sup Ct, Kings County 1997]).

. Moreover, although Anderson is not entirely clear on the point, there is some language in the opinion implying that the delays associated with a continuance might be assessed against the People’s remaining postreadiness time under section 30.30. (See People v Anderson, 66 NY2d at 542.)

. The People urge in their affirmation that this time should be excluded because the officers needed for the hearing were testifying in a trial before the Supreme Court. To support that view, the People cite People v Chavis (238 AD2d 349, 350 [2d Dept 1997], revd on other grounds 91 NY2d 500 *156 [1998]). This portion of the Second Department’s opinion in Chavis obviously remains good law, for it was merely an application of familiar principles regarding the unavailability of evidence material to the People’s case. The People cannot benefit from those principles here, however, because they have not supplied a sufficient record to permit the court to conclude that this exclusion applies.