People v Sanders (2023 NY Slip Op 51435(U))

[*1]

People v Sanders

2023 NY Slip Op 51435(U)

Decided on December 14, 2023

Criminal Court Of The City Of New York, Bronx County

Pacheco, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 14, 2023
Criminal Court of the City of New York, Bronx County

The People of the State of New York

against
Patsy Sanders, Defendant.

Docket No. CR-008118-23BX

For the People: Carole Ann Liscio, Assistant District Attorney
Office of the Bronx District Attorney
For the Defendant: Shanisha Forbes, Esq.
The Bronx Defenders

Carmen A. Pacheco, J.

Defendant moves for an Order (i) deeming the People's Certificate of Compliance invalid under CPL §§ 245.20 and 245.50; (ii) dismissing all counts of the accusatory instruments pursuant to CPL § 30.30(1)(b) and CPL § 170.30(1)(e) and New York State and Federal Constitutions; (iii) granting defense counsel an opportunity to file a reply and a hearing consistent with People v. Luperon, 85 NY2d 71 (1995) and People v. Allard, 28 NY3d 31 (2016); (iv) deeming the prosecution not ready for trial under CPL §§ 245.50(3) and 30.30(5); and (v) for such additional relief as the court deems just and proper.
For the reasons set forth herein, defendant's motion to dismiss is denied. The People are required to provide outstanding unredacted Internal Affairs Bureau ("IAB") logs and file a Supplemental Certificate of Compliance ("SCoC") within 30 days of the date of this decision. Alternatively, the People must move for a protective order within 15 days of this decision concerning redactions.
 Factual and Procedural History
Defendant was arraigned on April 16, 2023 and charged with Vehicle and Traffic Law §§ 1192(3) (driving while intoxicated) and 1192(1) (driving while impaired). The first-party complaint was deemed an information at arraignment and alleges that defendant was observed sitting on a sidewalk near a gray motor vehicle with scratches along the driver side door. The complaint further alleges that defendant stated in sum and substance, "I had two or three margaritas." The People also served CPL § 170.30(1)(a) their intention to introduce evidence of statements made by defendant to law enforcement. Such notice must be served within 15 days of arraignment. CPL § 710.30(2). 
On May 24, 2023, the People served discovery on defense counsel and filed a Certificate of Compliance ("CoC") and Statement of Readiness ("SoR"). In their CoC, the People represented that:
a. Officers James Dipaoli, Kenneth Blazo, and Maxwell Potter will be produced as "Testifying Law Enforcement Personnel";
b. an IAB Log for Officer Dipaoli (IAB Log #23- 2357) remained outstanding. The Discovery Compliance Bureau stated that the IAB Log was ordered;
c. the 49th precinct discovery liaison represented that property vouchers, an arrest worksheet, and an aided report did not exist for the arrest; and
d. Officer Blazo's body worn camera shows him "taking a photograph of an empty glass." As a result, on April 25, 2023, the People requested all photographs from the NYPD discovery liaison. On April 27th and May 23rd of 2023, the People requested from Officer Blazo all photographs taken by him concerning the matter. On May 31, 2023, the People informed defense counsel via electronic mail that the photograph taken by Officer Blazo was unavailable since he obtained a new department cell phone.
At the next court appearance, on June 21, 2023, the People declared their readiness for trial on the record. In response, defendant objected to the validity of the People's CoC noting deficiencies. Consequently, the court directed the parties to confer to resolve outstanding discovery issues. Thus, the matter was adjourned for a discovery conference. The discovery conference was scheduled for July 12, 2023.
On June 22, 2023, defendant emailed the People requesting the underlying IAB logs, a Criminal Complaint Review Board ("CCRB") mentioned in the NYPD summary, and that the People inquire further about a photograph taken by Officer Blazo. The matter was again adjourned for a discovery conference to be held on July 12, 2023.
On July 12, 2023, when the discovery conference was held, defendant noted that the People failed to provide Giglio material for Officers Blazo and Dipaoli and that the photographs taken on Officer Blazo's cell phone were not turned over. After hearing the arguments of counsel, the court directed the People to turn over CCRB records in their possession. As to the photograph, the People noted that it no longer existed. As a result, the court determined that the photograph need not be turned over. The matter was adjourned for a final discovery conference to August 16, 2023. On the adjournment date, defense counsel noted that the parties were unable to resolve the discovery issues. Consequently, defense counsel requested a motion schedule which rendered the CPL § 30.30 clock motionless.
Defendant moved to invalidate the People's CoC and dismiss the accusatory instrument contending that People failed to disclose all known materials in their possession. Defendant's motion focused on missing Giglio [FN1]
material and redacted IAB logs, underlying IAB logs for Officer Dipaoli, the Officer History and Investigative Recommendations for Officers Dipaoli and Potter, and the CCRB report for Officer Dipaoli were missing from the discovery served which failure to produce renders the People's CoC improper. Although not raised during the [*2]discovery conferences, defendant added that the CoC should be deemed invalid as the People failed to "inquire" whether Officer Potter took any photographs.
In opposition, the People maintain that they fulfilled their discovery obligations when they served on defense counsel a Giglio Disclosure Letter along with IAB logs and NYPD summaries. The People served both unsubstantiated and substantiated IAB log allegations for Officer Blazo, Officer Potter, and Officer Dipaoli. However, the People served a redacted IAB log allegation against Officer Blazo and an IAB log for Officer Dipaoli. Moreover, a third IAB log for Officer Dipaoli had not been received from the NYPD but would be served once received. As to the redacted IAB logs, the People maintained that the redactions were limited to either personal information, complainant's personal information, specific summons number, and location number for the underlying case pursuant to NY Public Officers Law § 89 2-b. Additionally, the People maintained that their Giglio Disclosure letter was sufficient to satisfy CPL § 245.20(1)(k). 
The People also assert that they were only required to turn over CCRB records in their possession since the CCRB is an independent agency. Although the IAB NYPD document alluded to a CCRB, the People were notified that no CCRB investigation was undertaken regarding Officer Dipaoli. Therefore, no CCRB documents exist.

Legal Analysis
CPL §30.30 requires the People to be ready for trial within prescribed time periods. Failure to be ready within the time prescribed may result in dismissal of the criminal action on motion by defendant. CPL § 30.30(1)(b) requires the People to be ready within "ninety days of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months and none of which is a felony," less excludable time. CPL § 30.30(1)(b); see also People v. Alvia, 78 Misc 3d 1228(A) (Crim. Ct. Bronx Cnty. 2023); CPL § 30.30(1)(b). Calculation of the People's CPL § 30.30 time commences the day after arraignment. People v. Stiles, 70 NY2d 765 (1987).
Moreover, the People are deemed ready for trial once they file a proper CoC and declare their readiness. CPL § 245.50(3); People v. Fortty, 78 Misc 3d 1229(A) (Crim. Ct. Bronx Cnty. 2023). A CoC filed by the People may only be deemed valid if filed after "due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery." CPL § 245.50(1). A CoC cannot be used as a placeholder while the People attempt to meet their CPL § 245.50 discovery obligations. People v. Vargas, 76 Misc 3d 646 (Crim. Ct. Bronx Cnty. 2022). However, absolute compliance and discovery disclosures prior to filing a CoC is not required under the statute. People v. Alvia, 78 Misc 3d 1228(A) (Crim. Ct. Bronx Cnty. 2023).
In addition to the CPL § 245.50 discovery obligations, the People have a continuous obligation to provide "additional material or information which it would have been under a duty to disclose . . . had it known of it at the time of a previous discovery obligation or discovery order." CPL § 245.60. Hence, disclosure of discovery material after the filing of the initial CoC will not vitiate the original certificate. People v. Knight, 69 Misc 3d 546 (Crim. Ct. Kings Cnty. 2020). If the People provide additional discovery, they must file a SCoC identifying the new [*3]material. CPL § 245.50(1). The SCoC must also "detail the basis for the delayed disclosure so that the court may determine whether the delayed disclosure impacts the propriety of the certificate of compliance." CPL § 245.50(1-a). Failure to file a SCoC after disclosing additional discovery obviates the People's readiness for trial. People v. Markovtsii, 2023 WL 4631534 (Crim Ct. Kings Cnty. 2023) ("supplemental COC was a necessary document and not an administrative filing.").
Once a proper CoC is filed, pursuant to CPL § 245.35, the court in its discretion may mandate defense counsel and the prosecutor to diligently confer to resolve any discovery disputes. Consequently, defendant must notify the People of any potential defects or deficiencies relating to the CoC as soon as practicable. CPL § 245.50(4)(b). It is up to the Court to determine what constitutes "as soon as practicable." See People v. Valdez, 80 Misc 3d 544 (Crim. Ct. Kings Cnty. 2023) (nine weeks to alert People of "obvious" deficiencies held not to be "as soon a s practicable."). Any undue delay by defendant in raising any defects or objecting by motion is not chargeable to the People. People v. Barralaga, 73 Misc 3d 510 (Crim. Ct. NY Cnty. 2021). 
Furthermore, the court in its discretion may schedule a discovery compliance conference. CPL § 245.35(2). Should defects persist, defendant must raise any challenges to the CoC by motion. CPL § 245.50(4)(a). Moreover, when challenging the validity of the People's CoC, "the defendant must identify a specific defect with the People's CPL § 245.40(1) certificate of discovery compliance." People v. Brown, 74 Misc 3d 1227(A) (Crim. Ct. Albany Cnty. 2022). If defendant sufficiently demonstrates that the People exceeded their CPL § 30.30 speedy trial limitations, "the People [have] the burden of showing their entitlement to a statutory exclusion." People v. Luperon, 85 NY2d 71, 81 (1995) (the People bear the burden of showing that time should be excluded from time calculations). Alternatively, the People can cure a defective CoC by demonstrating that they acted in good faith and through the filing of a SCoC. People v. Alvia, 78 Misc 3d 1228(A) (Crim. Ct. Bronx Cnty. 2023). 
To halt the speedy trial clock, the People must also declare their readiness for trial after filing a valid CoC. People v. Erby, 68 Misc 3d 625, 230 (Crim. Ct. Bronx Cnty. 2020). The People's declaration of readiness encompasses two requirements that must be met. People v. Kendzia, 64 NY2d 331 (1985). First, the People must announce their readiness by either making a statement of readiness on the record, "transcribed by a stenographer, or recorded by the clerk or a written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk." People v. Chavis, 91 NY2d 500, 505 (1998). The People's written notice of readiness can be served on defense counsel and filed with the court clerk after business hours. People v. Harris, 80 Misc 3d 932 (Crim. Ct. Bronx Cnty. 2023). Second, the People must be ready to proceed to trial when making their declaration of readiness. People v. Quinones, 79 Misc 3d 1244(A) (Crim. Ct. Bronx Cnty. 2023), and the statement must demonstrate that it is not illusory. People v. Bay, 2023 NY Slip Op. 06407 (2023). Consequently, the statutory speedy trial time will continue to run should a statement of readiness be deemed erroneous. Id.
When defense counsel moves to dismiss the accusatory instrument on the basis that the CPL § 30.30 time has elapsed, the People bear the burden of creating a record concerning post readiness delays for the court to determine who should be charged the time. People v. Stirrup, 91 NY2d 434, 440 (1998). However, when the People's inaction directly implicates their ability to proceed to trial the time will be chargeable to them. Consequently, should the People's unexcused delays exceed the statutory time prescribed under CPL § 30.30(1), the court is [*4]obligated to grant a motion to dismiss. CPL § 30.30(1); see People v. Bay, 2023 NY Slip Op. 06407 (2023). Conversely, the defendant carries the initial burden of demonstrating that the People statutory time has elapsed when it files a motion to dismiss on those grounds. People v. Luperon, 85 NY2d 71 (1995).
CCRB Records
The People are obligated to disclose "all evidence and information, including that which is known to police or other law enforcement agencies acting on the government's behalf." CPL § 245.20(1)(k). It is undisputed that the CCRB is an independent agency [FN2]
and not a law enforcement agency or within the custody or control of the People. People v. Fortty, 78 Misc 3d 1229(A) (Crim. Ct. Bronx Cnty. 2023); People v. Valdez, 80 Misc 3d 544 (Crim. Ct. Kings Cnty. 2023). Since the CCRB is not an agency acting on the government's behalf, the People are only required to disclose CCRB records already in their possession. People v. Soto, 80 Misc 3d 473 (Crim. Ct. NY Cnty. 2023) citing People v. Martinez, 75 Misc 3d 1212(A) (Crim. Ct. NY Cnty. 2022). 
Consequently, the People only are required to turnover CCRB records with substantiated and unsubstantiated findings since they "may provide a good faith basis for cross-examination." People v. Castellanos, 72 Misc 3d 371 (Sup. Ct. Bronx Cnty. 2021). However, the People must disclose CCRB records in their possession when those records "tends to impeach" the witness. CPL § 245.20 (1)(k)(iv); People v. Smith, 27 NY3d 652, 660 (2016); Giglio v. United States, 405 U.S. 150 (1972) (held all impeachment evidence falls under the Brady holding meaning prosecution is obligated to disclose all information or material that may be used to impeach the credibility of prosecution witnesses including police officers). Moreover, the People are not required to obtain additional CCRB records by subpoena duces tecum; see CPL 245.20(2) or required to serve additional CCRB records beyond those already served on defense counsel. 
Accordingly, the People fulfilled their discovery obligations when they served defense counsel with all CCRB documents in their possession. 
Photographs Taken by Police Officers
The People demonstrated compliance and due diligence in turning over and ascertaining the existence of any photographs. Unlike in cases when the People failed to inquire as to the existence of photographs, here the People indicated that they requested all photographs prior to filing the CoC from the discovery liaison on April 25, 2023 and from Officer Blazo directly on April 27, 2023 and again on May 23, 2023. See e.g. People v. Cabezas, 80 Misc 3d 1229(A) (Crim. Ct. Kings Cnty. 2023) (no indication that the people acted with due diligence to obtain pictures of complaining witness's injuries); People v. Kennedy, 79 Misc 3d 973 (Crim. Ct. Kings Cnty. 2023) (single attempt to obtain photograph of officer's injuries); People v. Ramirez, 73 Misc 3d 664 (Crim. Ct. NY Cnty. 2021) (failure to request photographs taken by officer prior to filing a CoC was an omission). 
During the discovery conferences, the only photograph at issue allegedly depicted an empty glass and was taken by Officer Blazo. After hearing arguments on both sides, the court [*5]noted that the People would not be able to turn over the missing photograph since it was lost due to a change in Officer Blazo's department cellphone. However, the People did not file a SCoC indicating that the photograph taken by Officer Blazo was lost or destroyed. People v. Pierna, 74 Misc 3d 1072 (Crim. Ct. Bronx Cnty. 2022); People v. Markovtsii, 81 Misc 3d 225 (Crim. Ct. NY Cnty. 2023) ("supplemental COC was a necessary document and not an administrative filing."). 
Accordingly, the People are directed to file a SCoC within 30 days of the date of this decision indicating whether any additional photographs exist or whether any photographs were lost or destroyed.
IAB Logs
As to the IAB logs, the Court finds that the People must turnover unredacted IAB logs or move for a protective order. A summary of misconduct allegations is insufficient to fulfill the People's discovery obligations since it does not provide defense counsel with an opportunity to weigh the importance of the alleged misconduct. People v. Edwards, 74 Misc 3d 433 (Crim. Ct. NY Cnty 2021). In fact, detailed information is important for defendant to "understand the specific nature and degree of misconduct, determine its relevance to a particular defense, and prepare arguments as to its use on cross-examination at hearing and trial." People v. Castellanos, 72 Misc 3d 371 (Crim. Ct. Bronx Cnty. 2021). Hence, the People cannot unilaterally decide whether to redact information contained within the IAB logs. People v. Goggins, 76 Misc 3d 898 (Crim. Ct. Bronx Cnty. 2022). 
Under NY Public Officers Law § 89 2-b, "a law enforcement agency shall redact the following information from such [disciplinary] records prior to disclosing such records: (b) the home addresses, personal telephone numbers, personal cell phone numbers, personal e-mail addresses of a person employed by a law enforcement agency . . . a complainant or any other person named in a law enforcement disciplinary record." NY Public Officers Law § 89 2-b. Contrarily, under Criminal Procedure Law redactions are only allowed to social security numbers and tax numbers from any discovery disclosed. CPL § 245.20(6). If the People wish to redact certain information, they have the option to seek a protective order prior to redacting information not mentioned in CPL § 245.20(6). People v. Soto, 80 Misc 3d 473 (Crim. Ct. NY Cnty 2023); People v. Randolph, 69 Misc 3d 770 (Sup. Ct. Suffolk Cnty. 2020).
Defendant must be afforded the opportunity to present their case and "the People should not be cast as the gatekeeper in determining impeachment material or drafting summary disclosure letters for defendant." People v. Valdez, 80 Misc 3d 544 (Crim. Ct. Kings Cnty. 2023). A decision by the People to "withhold or redact potentially discoverable materials [without the court's permission] is made at their peril and is not without potential consequences including dismissal." People v. Eleazer, 78 Misc 3d 1222(A) (Crim. Ct. NY Cnty 2023). However, where redactions are made in good faith, like in the instant matter, the CoC will not be invalidated. People v. Pardo, 2023 WL 7174597 (Crim. Ct. Bronx Cnty. 2023) (People acted in good faith to when they relied on the NYPD redactions being done pursuant to NY Public Officers Law § 89 2-b). 
Accordingly, the People are ordered to turn over unredacted IAB logs within 30 days of the date of this decision or in the alternative move for a protective order within 15 days of this decision.

Conclusion
The People's speedy trial time commenced on April 17, 2023. The court holds that the People's CoC and SoR filed on May 24, 2023, the 38th day, were not illusory and deemed valid. 
Accordingly, the Court finds that the People did not exceed their CPL § 30.30 speedy trial time. However, the People are directed to serve outstanding IAB records, provide unredacted IAB records, and file a SCoC within 30 days of the date of this decision. Alternatively, should the People need to provide redacted IAB records they are required to move for a protective order no later than 15 days of the date of this decision.
This constitutes the decision of the court.
Dated: Bronx, NY 
December 14, 2023 
Hon. Carmen A. Pacheco

Footnotes

Footnote 1: Giglio v. U.S., 405 U.S. 150 (1972).

Footnote 2: 
 https://www.nyc.gov/assets/operations/downloads/pdf/mmr2021/ccrb.pdf