People v Pena (2024 NY Slip Op 24319)

[*1]

People v Pena

2024 NY Slip Op 24319

Decided on December 16, 2024

Supreme Court, Queens County

Kirschner, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on December 16, 2024
Supreme Court, Queens County

The People of the State of New York

against
Jonathan Pena, Anthony Morales, Defendants.

Ind. No. 73500/2022

David Bart, Esq., for Jonathan Pena, 718-380-2496, davidabart@hotmail.com
Larry Rothstein, Esq., for Anthony Morales, 917-885-2790, laurencerothstein2@aol.com
Marina Shew
Zachary Gitman
Assistant District Attorneys
Office of the Queens District Attorney
718-298-3234
mdshew@queensda.org

David J. Kirschner, J.

By motion filed October 6, 2024, defendant Morales moves to dismiss the indictment in the above-captioned matter under Criminal Procedure Law §§ 210.20 (1) (g) and 30.30 (1) (a). By email dated October 7, 2024, defendant Pena joins. In papers dated November 22, 2024, the People oppose.
Previously on August 2, 2023, defendant Morales filed a motion to dismiss the indictment under Criminal Procedure Law §§ 210.20 (1) (g) and 30.30 (1) (a) before the Honorable Frances Wang. By decision and order dated October 10, 2023, Justice Wang denied defendants' motion, finding 171 days of speedy trial were charged to the People.
After a review of the motion papers and the respective arguments therein, the accusatory instrument, other papers on file with the court, and prior court proceedings, defendants' motion is denied in all respects.
I. Relevant Background and Procedural History
The relevant background, procedural history, and conclusions of law in Justice Wang's October 10, 2023, decision and order are incorporated by reference herein.
This Court commenced a combined Mapp/Huntley/Payton/Dunaway hearing on December 6, 2023. The matter was adjourned to December 20, 2023, for continued hearing but on December 20, 2023, defense counsel indicated that they were already out for the holiday and unavailable to continue. The matter was adjourned to January 10, 2024, for continued hearing.
The hearing continued as scheduled on both January 10, 2024, and January 31, 2024, and was adjourned to February 21, 2024, to continue.
On February 21, 2024, however, the assigned assistant district attorney was on trial, [*2]ironically before Justice Frances Wang, and requested March 6, 2024. The matter was adjourned to March 28, 2024, for continued hearing.
On March 28, 2024, the testifying police officer attended the funeral of a fellow officer and was unavailable. The matter was adjourned to April 18, 2024, for continued hearing.
On April 18, 2024, this Court concluded the hearing and received oral arguments, reserving its decision. Defense counsel requested additional time to supplement their arguments in writing. After receiving their supplemental memoranda of law, reviewing the record, and considering the parties' respective arguments, this Court, by decision and order dated August 26, 2024, denied suppression.
On October 17, 2023, defendant Morales filed the instant motion. By email dated October 7, 2024, defendant Pena joined. In papers dated November 22, 2024, the People opposed.

II. Criminal Procedure Law § 30.30 (1) (a)
Criminal Procedure Law § 30.30 (1) (a) was enacted to serve the narrow purpose of ensuring prompt prosecutorial readiness for trial (People v Brown, 28 NY3d 392 [2016]; People v Price, 14 NY3d 61 [2010]; People v Sinistaj, 67 NY2d 236 [1986]). Being ready for trial requires two things (People v Chavis, 91 NY2d 500, 505 [1998]). First, the People must state their readiness on the record in open court or a written notice served on defense counsel and filed with the court (id.). Second, when declaring their readiness, the People must be readily available to proceed (id.). Mere statements of predictions or expectations of future readiness are insufficient (People v Kendzia, 64 NY2d 331, 337 [1985]).
In determining whether the People satisfied their obligation of trial readiness, the time elapsed between the filing of the first accusatory instrument is calculated along with the People's declaration of readiness, less any periods of statutorily excluded delays (see CPL 30.30 § § [4] and [5]). "The failure to declare readiness within the statutory time limit will result in dismissal of the prosecution unless the People can demonstrate that certain periods should be excluded" (Price, 14 NY3d at 64). Once the defendant has alleged that the People were not ready within the statutory period, the People must establish an applicable exclusion (Brown 28 NY3d at 403, People v Luperon, 85 NY2d 71, 81 [1995]).
To prevail on a motion to dismiss under CPL § 30.30 (1) (a), a defendant must present sworn allegations of fact establishing an unexcused delay that exceeds the statutory limit (People v Allard, 28 NY3d 41 [2016]; People v Cortes, 80 NY2d 201, 215-216 [1992]; People v Santos, 68 NY2d 859, 861 [1986]; People v Lomax, 50 NY2d 351, 357 [1980]). At a minimum, the defendant must claim that the People failed to announce their readiness for trial within the statutorily prescribed period (Allard, 28 NY3d 41, Luperon, 85 NY2d at 77-78). But until the People make the initial statement of readiness, all delays are chargeable entirely to the People absent the defendant's consent (pre-readiness delay).
Once the defendant has shown the existence of delay beyond the statutory period, the burden of proving that certain periods should be excluded falls on the District Attorney (Allard, 28 NY3d 41; Kendzia, 64 NY2d at 338; People v Berkowitz, 50 NY2d 333, 349 [1980]). If the District Attorney fails to do so, the motion must be summarily granted (CPL 210.45 [4]).
Beginning January 1, 2020, CPL 30.30 underwent major changes. The People's ability to declare their readiness for trial is tied to their greatly expanded discovery obligations (see CPL § 30.30 [5]). Before declaring their readiness, the People must certify they complied with those discovery obligations by filing a certificate of compliance (id.). Notably, the prosecution shall not be deemed ready for purposes of CPL 30.30 until it has filed a proper certificate of [*3]compliance under CPL 245.50 (1) (see CPL § 245.50 [3]).
In this case, the People had six months to declare and maintain their readiness on the accusatory instrument since defendant is accused of one or more offenses, at least one of which is a felony (CPL § 30.30 [1][a]). When the People fail to file a certificate of compliance, that time is chargeable to the People unless a valid exclusion is present (see CPL § 245.50 [3]). And the newly enacted discovery laws in 2020 did nothing to change those statutorily excludable adjournments.
Here, defendants claim the People should be charged fourteen (14) days because they were not ready to continue the hearing as scheduled on February 21, 2024, and March 28, 2024, in addition to the 171 days Justice Wang charged them in her October 10, 2023, decision and order. Although neither constitutionally nor statutorily mandated, local practice has embraced the custom of requiring the People to engage in a bifurcated readiness posture: one for trial, the other for suppression hearings. This is likely attributable to morphing from the yesteryear practice of conducting pre-trial hearings just before commencing jury selection, something stakeholders have seemingly grown averse to, to conducting them months if not years before. Without commenting on its efficacy, it inevitably led to a conflation between trial and hearing readiness.
Such conflation has resulted in the indistinguishable obscuring of the speedy trial statutory language, which saliently pertains to trial readiness, not hearing readiness (CPL § 30.30 [1]). This underscores that readiness for hearings neither exempts nor supplants the People's obligation to be ready for trial. If the People assert their readiness for hearings without first meeting their obligations under CPL 245 and CPL 30.30(5), all elapsed time will still be charged to them (Chavis, 91 NY2d 500). Conversely, the People's inability to be ready for a hearing—or continue a hearing—does not necessarily render their initial statement of readiness for trial illusory. Nor does it necessarily constitute a post-readiness delay since the inability to commence a hearing is not the functional equivalent of an inability to commence trial. But even if it were, which it is not, nothing suggests that a subsequent date on which the People cannot continue must be charged once commenced. If this were true, they would be charged for a day on which they could not continue trial. But they are not.
More poignantly, CPL 30.30 (4) (a) specifically excludes a "reasonable period of delay resulting from other proceedings concerning the defendant." A suppression hearing concerns the defendant, not the People. A defendant, not the People, seeks suppression and initiates it through their motion made for their benefit concerning their constitutional rights—irrespective of the People's obligation to commence it. Consequently, whether a period pertains to motion practice or an indispensable hearing on that motion practice, it squarely falls within the specified CPL 30.30 (4) (a) exclusion. It is axiomatic that the February 21 and March 28 adjournments are excludable periods under CPL 30.30 (4).
Nevertheless, it is worth noting this in no way disturbs the fundamental principle that if a trial statement of readiness is at some point determined to have been illusory—regardless of the reason, including multiple requests for adjournments—speedy trial time may be appropriately charged within the context of a trial readiness rubric.

III. Conclusion
The People are charged with 171 days in total. Since the People have not exceeded the six-month statutory readiness period, defendants' motion to dismiss the indictment in the above-captioned matter is denied in all respects.
This constitutes the decision and order of the Court.
Dated: December 16, 2024
E N T E R
David J. Kirschner, J.S.C.